# Sparks *v.* Woodstock Iron and Steel Company.

*Bill in Equity for Specific Execution of Defective Conveyance.*

1. *Specific execution of defective instrument, as agreement to convey.* When a written instrument, purporting to convey land, is signed by the grantor, and has all the elements of a valid deed, except in the necessary attestation of subscribing witnesses, a court of equity will specifically enforce it, against the heirs of the deceased grantor, as an agreement to convey, unless some sufficient reason is shown why specific performance should not be decreed.

2. *Same; case at bar.*—On the evidence shown by the record in this case, the court holds that the written instrument sought to be enforced against the heirs of the deceased grantor was signed by her voluntarily, with full knowledge of its contents, was founded on an adequate consideration, and was fair, just and reasonable in all of its parts; and that the charges of fraud, duress, and unfair advantage, set up in the answer, are not sustained.

3. *Organization of corporation.*—Under statutory provisions relating to the formation of private corporations for business purposes (Code, 1876, § 1807), the judge of probate is required, "upon the completion of the organization of the company," as shown by the certified statement to him, to issue a certificate of the fact that the company is fully organized, and is authorized to commence business under its charter; but this

VOL. LXXXVII.

[Sparks v. Woodstock Iron and Steel Company.]

certificate is not a condition precedent to the complete organization of the company, and the want of it does not establish the plea of *nul tiel* corporation, in an action brought by the company.

APPEAL from the Chancery Court of Calhoun.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 26th February, 1888, by the Woodstock Iron and Steel Company, and the Anniston City Land Company, two private corporations organized under the general statutes, against Mrs. Eliza A. Sparks and others, heirs at law of Mrs. Sallie J. W. McAdams, deceased; and sought the specific execution of a defective conveyance of a tract of land, executed by Mrs. McAdams in her lifetime to George W. Brannon, under whom the complainants derived title; also, a divestiture of the legal title out of the defendants, and an injunction of an action at law which they had brought to recover the land. The written instrument of which a specific execution was sought, and which was dated October, 1884, conveyed to said Brannon, with covenants of warranty, a tract of land containing forty acres, on the recited consideration of $300 in hand paid, "and the further consideration that the said party of the second part has agreed and by these presents does agree and bind himself, to take care of her [the grantor]. and to provide for her support and maintenance during her life;" and it was signed by the grantor, and attested by two subscribing witnesses, each signing by mark only; but there was no attesting witness to their signatures, or marks. The complainants alleged that Brannon paid the $300 as recited, and took care of Mrs. McAdams until her death in May, 1885; and that he continued in the possession of the land until August 26th, 1886, when he sold and conveyed to the Woodstock Iron & Steel Company, who afterwards sold and conveyed a part of the land to the Anniston City Land Company.

The defendants answered the bill, and denied both the execution and the validity of the said written instrument; alleging that, if Mrs. McAdams ever signed it, she did so in ignorance of its contents, and when she was mentally incapable of making any contract; that the instrument was procured from her by fraud, duress, and undue influence, and was not supported by an adequate consideration; and they also filed a special plea of *nul tiel* corporation, denying that the Woodstock Iron & Steel Company was ever legally incorporated.

The complainants produced a transcript from the records

of the Probate Court containing the proceedings relating to the organization of the Woodstock Iron & Steel Company, setting out—1st, the articles of incorporation, which stated the names of the corporators, the name and business of the proposed corporation, &c.; 2d, the written order of the probate judge, appointing two of the corporators as commissioners to open books of subscription, and to make report of their proceedings; 3d, the report of the commissioners showing their proceedings, and stating the names of the subscribers, with the amount subscribed and paid in, and the names of officers elected; 4th, an order by the probate judge, reciting the filing of the report, "that a certificate of authority issue to said company authorizing them to proceed to business as set out in its declaration, and according to law." A great deal of evidence was taken by each of the parties, showing the circumstances attending the execution of the written instrument by Mrs. McAdams, the relations then existing between her and Brannon, her pecuniary condition, and her mental and physical capacity. A summary of this evidence, if possible within the limits of a report, is not necessary to an understanding of the opinion of the court, and therefore is not attempted; and the arguments of counsel, addressed chiefly to a discussion of the evidence, are omitted for the same reason.

On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainants, as prayed; and his decree is here assigned as error.

BROTHERS, WILLETT & WILLETT, for appellants.—(1.) The Woodstock Iron & Steel Company, claiming incorporation under the general statutes, must show a substantial compliance with all statutory requisitions. The proceedings shown by the transcript from the Probate Court are fatally defective, because—1st, the report of the commissioners, or board of corporators, does not show that, at the meeting held for the purpose of organizing and electing officers, a majority in value of the subscribers were present, either in person or by proxy; and, 2d, no certificate appears to have been issued by the probate judge, and his order is not the equivalent of a certificate.—1 Mor. Corp., §§ 27, 15; *People v. Selfridge,* 52 Cal. 331; *Factory Asso. v. Clarke,* 61 Maine, 351; *Stowe v. Flagg,* 72 Ill. 397; *Field v. Cook,* 16 La. Ann. 153; *Bridge Co. v. Wood,* 14 Geo. 84; 17 Cal. 136. (2.) Specific performance is not a matter of right, but is a matter of

[Sparks v. Woodstock Iron and Steel Company.]

sound judicial discretion, as determined by the circumstances of each particular case; and it will not be granted, where there is a suspicion of fraud, undue influence, or improper advantage; nor where there is inadequacy of consideration, and the contract is not fair, just and reasonable in all its parts.—*Irwin v. Bailey*, 72 Ala. 467; *Moon v. Crowder*, 72 Ala. 79; *Derrick v. Monette*, 73 Ala. 75; *Gould v. Womack*, 2 Ala. 83; *Radcliffe v. Warrington*, 12 Vesey, 332; *Willard v. Tayloe*, 8 Wall. 565; *Manning v. Wadsworth*, 4 Md. 59; 21 Gratt. 23; 38 N. H. 400; 5 Harr. Del. 74; 73 Ill. 63; 43 Iowa, 43; *Blackwilder v. Loveless*, 21 Ala. 371; 8 Vesey, 337; 14 Vesey, 273; 3 M. & K. 339; 2 Sch. & L. 31; 1 H. L. Cases, 724; 2 Strob. Eq. 72; 1 N. J. Eq. 320; 21 Barb. 381; 20 N. Y. 184; 12 Wisc. 382; 9 N. J. Eq. 332; 40 Miss. 507; 20 Md. 482; 2 Jones Eq. (N. C.) 224; 9 N. J. Eq. 332; *Lester v. Mahan*, 25 Ala. 445; *Shipman v. Furniss*, 69 Ala. 555; *Thompson v. Lee*, 31 Ala. 292; *Meyer v. Mitchell*, 75 Ala. 475. (3.) An application of these principles to the facts of this case, as disclosed by the evidence, is fatal to the plaintiffs' case.

CALDWELL & JOHNSTON, CASSADY & BLACKWELL, and KNOX & BOWIE, *contra*, cited *Goodlett v. Hansell*, 66 Ala. 159; *Chambers v. Ala. Iron Co.*, 67 Ala. 353; *Thames v. Rembert*, 63 Ala. 561; 67 Ala. 353; 76 Ala. 222.

SOMERVILLE, J.—1. The instrument bearing date October 20th, 1884, purporting to convey the land in controversy to Brannon by Mrs. McAdams, as grantor, has every element of a good and valid deed of conveyance, except as to its attestation by the requisite witnesses. It is defective in the latter particular, on the ground that neither of the attesting witnesses wrote their names, but the name of each was written by some one else, and was authenticated only by the making of the witnesses' "marks" respectively. If actually signed by the grantor, it was good nevertheless, as an agreement to convey, and a court of equity will enforce its specific execution by compelling the heirs of the deceased grantor to convey, unless some sufficient reason is shown why this divestiture of title should not be decreed.—Code, 1886, § 1789; *Roney v. Moss*, 74 Ala. 390; 3 Brick. Dig. p. 362, § 435.

2. We have examined and weighed the testimony in the case, and are of opinion that it shows satisfactorily that the

[Sparks v. Woodstock Iron and Steel Company.]

instrument was voluntarily signed by the grantor, Mrs. Mc-Adams, with a full knowledge of its contents, and that she was of sound mind at the time of its execution. The preponderance of the testimony, moreover, favors the conclusion reached by the chancellor, that the consideration shown to have been satisfied in money and services by the grantee, Brannon, under whom the appellees claim title, was of a character to render the contract not only fair, just and reasonable in all its parts, but one that was, under the peculiar circumstances, quite advantageous to the grantor. The charge of fraud, duress, or unfair advantage, is not, in our judgment, supported by the evidence.

3. The contention that the Woodstock Iron and Steel Company, one of the complainants in the bill, is not a legally organized corporation, is not well taken. It is not denied that all proper steps were taken to organize the company under the statute relating to business corporations, except the issue of the requisite *certificate* of organization required by section 1807 of the Code of 1876. It is shown that the proceedings as to organization, regular in form, were certified by the directors to the probate judge, which was required to be done by this section of the Code, "upon the completion of the organization of the company," and after the payment of twenty per cent. of the capital subscribed. The judge was requested to issue the certificate, and made an order that it should issue. The provision of the statute is, that, after these steps are taken, the probate judge "shall issue to the company a certificate that they have fully organized according to the laws of Alabama, under the name and for the purposes indicated in their written declaration, and that they are fully authorized to commence business under their charter."—Code, 1876, § 1807. The duty of the probate judge, in this particular, was ministerial, and *mandamus* would clearly lie to compel its performance.—1 Morawetz on Corp. (2d Ed.) § 15. This certificate was not a condition precedent to the company's incorporation becoming complete under the statute, but it is the mere evidence of the fact that it had already become so. The very language of the statute, on the contrary, shows the legislative intention to be, that such a certificate could only issue "upon the *completion of the organization* of the company." Whether necessary to a license, or pre-requisite of the right to carry on business after organization, is another question, which can not affect the rightful existence of the corporation—the only inquiry

[Peddy v. Street.]

here raised by the defendants' plea of *nul tiel corporation*. 1 Morawetz on Corp. §§ 29, 27, 30.

We discover no error in the decree of the chancellor, granting relief prayed by the complainants, and it is affirmed.