94   463
96   226

# Louisville & Nashville Railroad Co. *v.* Philyaw.

*Bill in Equity by Purchaser, for Specific Performance of Contract, and Injunction of Actions at Law.*

1. *Sufficiency of denials of answer, on motion to dissolve injunction.* Under a bill filed by a sub-purchaser of land, alleging delivery of possession to the purchaser and payment of the purchase-money by him, exhibiting a receipt which purports to have been signed by the vendor, and which is alleged to have been executed by him, and praying a specific performance of the contract; if the answer denies the fact of payment directly and circumstantially, and denies that the defendant executed the receipt, this is sufficient on motion to dissolve the injunction, without an additional averment that he never authorized any one else to sign it.

2. *Verbal contract for sale of lands; part performance avoiding statute of frauds.*—A verbal contract for the sale of land is taken out of the operation of the statute of frauds (Code, § 1732), by the delivery of possession and payment of the purchase-money, or a part thereof; and it is not necessary that the two acts shall be contemporaneous.

3. *Laches. and staleness of demand. as defense to bill for specific performance.*—When a purchaser of land under a· verbal contract is let into possession, retains it for several years, and sells and conveys to a sub-purchaser, the right to claim a specific performance of the contract, after payment of the purchase money, is not barred by *laches*, or staleness of the demand, until the lapse of twenty years, unless in the meantime the vendor asserts an adverse claim; and when the vendor sues in ejectment after the lapse of fifteen years, and the sub-purchaser unsuccessfully attempts to defend the suit, and is afterwards dispossessed under an execution on the judgment, he may then come into equity and ask a specific performance.

[Louisville & Nashville Railroad Co. v. Philyaw.]

APPEAL from the Chancery Court of Escambia.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 24th of March, 1890, by the Louisville & Nashville Railroad Company and its lessor, the Mobile & Montgomery Railroad Company, against J. D. Philyaw and M. F. Brooks, the latter being the clerk of the Circuit Court of Escambia; and sought (1) the specific execution of an alleged parol contract for the sale of a tract of land by said Philyaw to one George B. Milstead, under whom the complainants claimed the land as sub-purchasers; and (2) an injunction against the further prosecution of two actions at law growing out of former litigation between the parties respecting the land, which actions arose in this way: The alleged contract of sale was made in 1872, and the purchaser was put in possession of the land, but he moved to Florida six or seven years afterwards, leaving the land unoccupied, though he seems to have claimed it and paid taxes on it until 1885, when he sold and conveyed it to one Barrett, who, on the same or the next day, sold and conveyed it to the M. & M. Railroad Company. On the 4th of March, 1887, Philyaw brought a statutory action of ejectment against the L. & N. Railroad Company, in possession as lessee, and recovered judgment for the land on the 26th of September, 1888; and that judgment was affirmed by this court on appeal, November 27th, 1889.—88 Ala. 264. A *supersedeas* bond having been given on that appeal, an action at law was instituted on it in the name of the clerk, at the instance of Philyaw, on the 22d January, 1890; and on the 8th January, 1890, Philyaw brought an action of trespass against the railroad company, to recover damages for gravel hauled away from the land. These are the two actions sought to be enjoined.

The chancellor dissolved the injunction, on motion, on the denials of the answer, and intimated in his opinion that the bill was wanting in equity, but gave leave to amend; and his decree is here assigned as error.

J. M. FALKNER, for appellant.

J. W. POSEY, and WATTS & SON, *contra.*

McCLELLAN, J.—This cause was submitted for decree below on demurrers to the bill, motion to dismiss for want of equity, and motion to dissolve the injunction. Something is said in the opinion of the chancellor upon the matters involved in the demurrers, and also upon the general sufficiency

of the bill; but no decree was passed either upon the demurrers, or upon the motion to dismiss the bill. The only decree rendered went solely upon the motion to dissolve, and dissolving the injunction; and the chancellor's conclusion and action in that regard alone can be reviewed on this appeal.

We think the injunction was properly dissolved on the denials of the answer of Philyaw. The case made by the bill depended upon the fact of payment, as therein alleged, of the purchase-money of the land, the subject-matter of the litigation, by Milstead to Philyaw. This is the pivotal fact in the complainant's right. And this fact, as we read the answer, is over and over again denied circumstantially and directly, and without, to our minds, any evasion or equivocation. The receipt made a part of the bill purports to be signed by Philyaw in person, and to evidence the payment of purchase-money for land by Milstead to him. The averment is that its execution was by Philyaw. The answer roundly denies that he executed it, and further, as we have seen, sets forth that Milstead had not paid the purchase-money, or any part of it. We can not concur with counsel, in view of all these denials, that Philyaw's failure to negative the execution of the receipt by another authorized thereto for him, excites suspicion, and stamps his answer as evasive. He met and denied the averment as made, and he alleged the fact of non-payment throughout in such way as to preclude the idea, not only that payment had been made to him personally, but also that payment had been made by Milstead to another for him.

The contract between Milstead and Philyaw, as laid in the bill, is brought within the exception to the statute of frauds with respect to the sale of land, by the averments that Milstead was let into possession at the time of the sale, and soon afterwards paid the purchase-money in full. We do not understand that the statutory exception contemplates or requires a payment of purchase-money contemporaneous with the letting into possession.—Code, § 1732; *Powell v. Higley*, 90 Ala. 103.

The bill, in our opinion, was not open to the objection of staleness, as seems to have been supposed by the chancellor. It alleges a contract of sale in 1872, possession taken under it, and full payment of the purchase-money; that the vendee remained in actual possession for six or seven years, and then removed from the State, and continued to claim the land and to pay taxes on it until 1885, when he sold and conveyed it to a third party, no one in the meantime being in actual possession of the land; that his vendee at once sold and conveyed the land to the Mobile & Montgomery Railroad Company,

[Sayre v. Weil.]

and that complainant, as the tenant of said company, immediately took possession of it, and retained it until ousted under judgment in ejectment in favor of Philyaw, on March 5, 1890. This bill was filed March 24, 1890. It appears that no claim adverse to the equitable title of complainant and those through whom it claims was advanced by Philyaw prior to March 4, 1887. Until such claim was made, no *laches* short of a delay of twenty years can be imputed to the vendee, or those succeeding to his equity. The delay subsequent to the assertion of the claim by Philyaw was only for about three years; and during all this time the complainant was in good faith, it is alleged, asserting its rights in a court of law. We are clear to the conclusion that the bill is not open to the objection of staleness.

This, and the preceding point, have been considered because the conclusion of the chancellor on the motion to dissolve the injunction appears to be rested upon them, as well as upon the denials of the answer. The decree can be supported only on the last consideration. The objections to the bill are without merit.

Affirmed.