# Kendrick *v.* Colyar.

*Bill in Nature of Bill to Quiet Title.*

1. *Chancery; bill in nature of bill to quiet title; pleadings; ownership of plaintiff.*—While Section 810 of the Code requires plaintiff to aver in the bill his ownership of the land, his failure to do so is a mere irregularity not affecting the jurisdiction of the court.

2. *Same; same; evidence.*—Even where ownership of plaintiff is averred in the bill, it is unnecessary to establish the same by evidence, the sole question being whether the defendant has any rights in, or title to, the land.

3. *Same; same; jurisdictional averments.*—Where a complainant avers that he is in the peaceable possession of land, claiming to own the same, and that his title thereto or to a part thereof is denied by the defendant, and that said defendant claims to own some interest therein, and that there is no suit pending to test the title of defendant, the bill containing such aver-

[Kendrick v. Colyar.]

ments confers full jurisdiction on the court to hear and deter-
mine the issues involved, and upon proof of such averments
the complainant is entitled to a decree, unless the defendant
shall establish his title to the land in whole or in part by
competent evidence.

4. *Same; same; fraud.*—The fraud of defendant's grantors in pro-
curing a deed to the land from the original owner does not af-
fect the rights of a subsequent *bona fide* purchaser for value.

5. *Same; same; notice to grantor; subsequent purchaser not char-
geable with.*—A purchaser of lands for a valuable considera-
tion, without notice, is not chargeable with, or affected by
the notice of his grantors.

6 *Void deed; registration; notice.*—The recording of an instrument,
purporting to be a deed, but so ineffectively executed as to
be without validity as a conveyance, not being authorized by
statute, is inoperative as constructive notice of its contents.

7. *Adverse possession; notice.*—When a grantor, in a void deed to
the mineral rights, retains visible possession of the lands, the
digging of occasional test pits by the purchaser of the mineral
rights is insufficient, of itself, to put a subsequent purchaser
on notice.

APPEAL from the Chancery Court of DeKalb.

Heard before the Hon. WILLIAM SIMPSON.

The bill in this cause was filed under Section 809 of the
Code to quiet the title to the mineral rights in the E. half
of N. W. quarter of Sec. 15, Tp. 3, R. 10, E.  Both parties
claim title under mesne conveyances from B. F. Adkins.
On April 4, 1884, B. F. Adkins attempted to convey the
mineral rights in lands in question to J. C. Warner
and L. S. Colyar. and it was from the last two named
persons complainant (appellee) obtained title.  The deed
from Adkins to Warner and Colyar undertook to convey
mineral rights in lands described as east half, northwest
half of section 15, in township three of range ten, east,
containing eighty acres.  This deed was signed by B. F.
Adkins in his own handwriting, and his wife's signature
was made by mark.  There were two witnesses to the
deed, whose names were also signed by their marks.
There was no acknowledgment made by B. F. Adkins,
but a defective homestead acknowledgment by his wife
was affixed to the instrument.  In 1893, Pauline S. Col-
yar obtained a deed from L. S. Colyar to the mineral
rights in an undivided one-half interest in the east half

of the northwest quarter of section 15, township 3, range 10, east; and in 1899 said Pauline S. Colyar obtained a deed to the mineral rights in the other undivided one-half interest in said land, purporting to have been executed by Mary T. Warner, as executrix of J. C. Warner, dec'd. On January 31, 1903, B. F. Adkins and wife executed a deed, containing a proper description, to said Pauline S. Colyar for alleged purpose of correcting mis-description in former deed executed to L. S. Colyar and J. C. Warner. In 1902, said B. F. Adkins and wife executed a conveyance in fee simple to the lands in controversy to B. F. Killian and G. W. Nixon. On January 24, 1903, by separate deeds, B. F. Killian and wife, and G. W. Nixon and wife, undertook to convey the lands in controversy to J. P. Kendrick, the defendant (appellant). In obtaining the deed from Adkins and wife to Nixon and Killian, the latter acted for both, and the tendency of the evidence was to show that Killian perpetrated a fraud on Adkins in obtaining his signature to deed conveying the land in fee simple. The evidence showed that Adkins recognized the sale and conveyance of the mineral rights to Colyar and Warner, and intended, by his deed to Nixon and Killian, to convey only the surface of the lands described. The evidence further showed that J. P. Kendrick was an innocent purchaser for value, without notice of the fraud perpetrated by Killian and Adkins, but that such purchase was, to the extent of an undivided one-half interest, for the use and benefit of G. W. Nixon. After the sale of the mineral rights to Colyar and Warner, Adkins, the grantor, continued to reside on the land, and the only possession taken by Colyar and Warner was the occasional digging of a test pit. The chancellor rendered a decree confirming the title of complainant in the mineral rights described in the bill. From this decree defendant appeals.

JOHN A. DAVIS, for appellant.—The deed from Adkins to L. S. Colyar and J. C. Warner, is void. The description is fatally defective. It is not witnessed as required by law. It is not acknowledged at all as to Adkins, and the acknowledgment by his wife wholly fails to comply with the statute.

BURNETT, HOOD & MURPHREE, *contra.*—The description is sufficient to indicate what lands were actually intended to be embraced in deed from Adkins to Colyar and Warner.

Kendrick cannot claim to be a *bona fide* purchaser without notice of appellee's equity. He is affected by Killian's fraud.—*Taylor v. Association,* 68 Ala. 229.

TYSON, J.—The bill in this cause was filed under section 809 *et seq.* of the Code.

It avers that complainant has been for the past several years in the peaceable possession of the mineral interest in a certain eighty acres of land described, claiming to own the same, and that respondent claims, or is reputed to claim, some interest in the land or to hold some lien or incumbrance thereon and no suit is pending to enforce or test the validity of such title, claim or incumbrance, etc. It is not averred that complainant is the owner of the mineral interest which she claims to own. Objection was taken to the bill, by demurrer, on this ground, but the demurrer seems to have been abandoned. It was not submitted to the chancellor and therefore not passed upon by him.

Assuming this to be a defect in the bill, it is a mere irregularity and was waived by an abandonment of the demurrer. While § 810 requires the bill to allege *"ownership"* of the land by the complainant, this is a matter of pleading and is not a necessary allegation in order to bring into exercise the jurisdiction of the court which is conferred by the preceding section. And where *"ownership"* is averred the complainant is not put to proof of that fact by documentary evidence of title, but makes out a *prima facie* case by proof of possession, so as to cast upon the defendant the *onus* of showing his claim or right to the land. Indeed, under the statutes, the court is not required to ascertain the strength or validity of the complainant's title, but is required only to determine "Whether the defendant has any right, title or interest in or incumbrance upon such lands or any part thereof, and what such right, title, interest or incumbrance is, and in and upon what part of the lands the same exists." —§ 812.

[Kendrick v. Colyar.]

When the complainant, as here, showed by evidence peaceable possession by her of the land as alleged, and that there was no suit pending at the time of the filing of the bill to test the defendant's claim of title, this made a *prima facie* case and she was entitled to a decree adjudging defendant's claim invalid unless he established a good title. And if, under the evidence, he acquired no title by his deed under which he asserts his rights or claim to the mineral interest in this land, the question whether complainant has a superior title to defendant's asserted claim to the mineral interest or any title at all is not in the case.

Does the evidence satisfactorily show that Killian, one of the defendant's grantors, perpetrated a fraud in procuring Adkins, the original owner of the mineral interest in the land and from whom complainant's grantors acquired the right to its possession, to execute the deed to himself and Nixon? And is respondent chargeable with notice of that fraud as a purchaser from them? If both of these questions are answered in the affirmative, then the defendant's claim is invalid and the decree appealed from must be affirmed irrespective of the question whether Adkins' deed to complainant's grantors was void for uncertainty or because not executed in conformity to the statutes regulating the execution of conveyances.

On the other hand, if the latter of these questions is answered in the negative, then, as we shall show, the complainant is entitled only to have the respondent's claim or right to one-half interest in the land declared invalid.

The evidence, we think, satisfactorily establishes the fact that Killian, who was acting for himself and Nixon, induced Adkins to sign the deed conveying to them a fee simple title to the lands by means of fraudulent representations. It can scarcely be doubted that Nixon was bound by the acts and statements of Killian on that occasion. He was acting as Nixon's agent in that particular transaction and Nixon must be held to have had notice of the deception practiced in procuring the execution of the deed.

Kendrick, the respondent, who acquired his right or claim to the land from Killian and Nixon, shows that he paid value for it. This fact being shown, the burden of

[Kendrick v. Colyar.]

proof was then shifted to the complainant to show that he had notice of the fraud. This, we think, the evidence fails to do. Neither Nixon or Killian are shown to have been his agents in the transactions in which this deed from Adkins was obtained. He, however, admits that, while he acquired the title from both Nixon and Killian, Nixon still has a half interest in the property. As to this half interest the complainant is entitled to a decree adjudging that the respondent has no title. Nor can the conclusion be otherwise upon the theory that the respondent had notice of complainant's equity, either by virtue of Killian's and Nixon's actual knowledge of it, or on account of the asserted possession of the land by Mrs. Colyar.

Respondent is not chargeable with the notice that his grantors had, in the absence of evidence tracing to him a knowledge of some fact calculated to put him upon inquiry. A purchaser for a valuable consideration without notice of his grantor.—*Martinez v. Lindsey,* 91 Ala. 334. Nor is he chargeable with notice because of the relation of joint tenants or tenants in common with Nixon.—21 Am. & Eng. Ency. Law (2nd ed.), 587.

It is not insisted that Adkins' deed to the complainant's grantors was a conveyance. If such an insistence were made it would be untenable. It was not attested or acknowledged as required by the statutes, in that the grantor signed by mark and the attesting witnesses' names were each by mark.—§ 814 of Code. At best it was nothing more than an agreement to convey, (*Sparks v. Woodstock I. & S. Co.,* 87 Ala. 294) which under the recording statutes was not required to be recorded, and the fact that it was did not operate as constructive notice to any one.

Complainant's possession of the land was not such as to operate as notice to purchasers from Adkins. Adkins was in the possession of the land and had the legal title to it. He was living on it and his possession was entirely consistent with his apparent or record title. In the absence of notice to the contrary, a purchaser from him or from his grantee had the right to presume under the circumstances shown by the evidence that his possession

was rightful and exclusive.—*McCarthy v. Nicrosi,* 72 Ala. 334; 23 Am. & Eng. Ency. Law (2nd ed.), 506.

It is scarcely necessary to say that the correction of the execution of the deed by Adkins, subsequent to respondent's acquisition of the title, cannot affect the latter's rights.

The decree appealed from must be modified so as to adjudge the respondent's title to an undivided half interest in the mineral rights in the land to be valid.

Modified and affirmed.

McCLELLAN, C. J., SIMPSON and ANDERSON, J.J., concurring.