# City Loan & Banking Co., *v* Poole.

## *Bill to Quiet Title.*

(Decided Feb. 7th, 1907. 43 So. Rep. 13.)

1. *Frauds, Statute of; Contracts for Sale of Land; Part Performance; Effect.*—An oral contract for the sale of real estate is not violative of Section 2152, Code 1896, where the purchaser went into possession and subsequently paid the purchase price, or where he paid the purchase price and subsequently went into possession.

2. *Vendor and Purchaser; Bona Fide Purchaser; Notice; Possession as Notice.*—B. purchased real estate under a parol contract and paid the purchase price, the vendor agreeing to execute a deed

and directed the purchaser to take possession, which he did on the day following. The day the purchase money was paid, the vendor received a conveyance from his vendor to the land. The purchaser continued in possession of the premises under his contract and, while in possession his vendor conveyed the land to a third person. Held, the last conveyance was void as against the purchaser and his possession under the oral contract was notice to the other purchaser.

3. *Equity; Pleading; Bill; Allegation of Age.*—A bill is not demurrable for failure to state the age of the parties thereto, unless it shows the incapacity of the parties to sue or be sued.

4. *Same; Parties; Incapacity; Pleading.*—Where the complainant is incapacitated from suing, unless it appears on the face of the bill, it must be raised by plea.

5. *Quieting Title; Venue; Pleading.*—Though the bill does not allege the residence of parties, the allegations that the premises in controversy is in the county in which the suit is brought is sufficient to give the court jurisdiction, under section 676, Code 1896.

6. *Same.*—Where the complainant is a resident of the county and the defendant enters an unconditional appearance, it is immaterial that the bill fails to allege the residence of the parties.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED BENNERS.

Bill to quiet title by Washintgon Poole against the City Loan & Banking Company. From a decree for complainant, defendant appeals.

Washington Poole filed his bill to quiet title to certain lots in the city of Birmingham, alleging that at a certain time one Bowman sold him the lots in question; that he paid the purchase money for the same, $300, and was put in possession of the property the next day, and had remained therein, in open, notorious possession, since; that Bowman promised to make him a deed to the same at once, but had never done so; that soon after he made the purchase, but while he was in possession of the property, Bowman made a mortgage on it to one Prude, the president of the defendant loan company, who afterwards transferred the mortgage to the respondent loan company. He prays that the title be quieted. Demurrers were filed to the bill as follows: "No jurisdictional facts are set out as to the identity, age, or residence of respondent. It is too indefinite, in that it fails to show

the character of the incumbrance or conveyance alleged to affect the title to said lands. It fails to allege that said John Bowman was vested with such a title to said lands that he could convey the same to complainant at the time of his alleged sale to complainant. It fails to show that the respondent herein had any notice of the said alleged sale by said Bowman to complainant at the time of the sale to respondent. It fails to allege that the said Bowman executed any conveyance, or any other instrument in writing sufficient to convey title, of said lands to complainant prior to the execution of his said conveyance to respondent. It fails to allege that there was any record or notice of said sale by said Bowman to complainant of said land filed or recorded according to law. It fails to allege the date of said alleged sale by said Bowman of said land to complainant. It fails to show facts of the alleged transaction upon which it bases the said alleged sale by said Bowman to complainant of said lands. It sets up a conclusion of complainant that there was a sale of said lands, without stating any fact, or the character of the writing or conveyance, if any, upon which it bases its statement of the sale by the said Bowman to the complainant of said land, or that said complainant was put in possession of said land contemporaneously with the payment of the alleged purchase money." These demurrers were overruled, whereupon respondent filed his answer, denying the allegations of the bill, and alleged its ownership by virtue of the deed executed to it by John W. Prude and recorded in the office of the judge of probate; also by way of plea set up the statute of frauds. The evidence tended to show that on the 16th day of December, 1903, complainant gave Bowman a check on the First National Bank for the sum of $300, which Bowman cashed, and that the same was purchase money on the lots; that they met by agreement for the purpose of purchasing the lots; that Bowman said to complainant he would make him a deed to the lot at once, and directed him to go and take possession of the same; that on the next day complainant moved into the house, and has since occupied it with his family; and that the house was on the lots described in the bill. The evidence tended, further, to show that

[City Loan & Banking Co. v. Poole.]

on the afternoon of December 16, 1903, Messrs. Edwards and Ray and their wives executed a conveyance to said Bowman to the lots in question. On the 9th day of August, 1904, Bowman executed his deed to these lots to J. W. Prude, and on December 7, 1904, Prude conveyed them to this appellant.

W. T. WARD, and Z. T. RUDOLPH, for appellant.—The bill was demurrable as it fails to show that his possession and purchase were concurrent acts.—*Heflin v. Milton*, 69 Ala. 354. The bill was patently bad in failing to allege the residence, age, etc., of the parties.—Storey on Equity Pleading, § 26; 1 Daniel's Chancery Pleading and Practice; *Liddell & Co. v. Carson*, 122 Ala. 518. The decree is manifestly erroneous.—*Robinson v. Quinlon*, 51 Ala. 539; *Abbet v. Page*, 92 Ala. 571. A vendor cannot be compelled to convey when he has no title.—*Fitzpatrick v. Featherstone*, 3 Ala. 40; 26 Ency. of Law (2d Ed.) 40. No estoppel can be pleaded to an invalid contract.—*Clanton v. Scruggs*, 95 Ala. 278; 135 Ala. 637.

W. S. LEWIS, and JAMES M. RUSSELL, for appellee.—Possession of land by one claiming or holding under an equity in the land is constructive notice to all the world.—*Anthe v. Heide*, 85 Ala. 236. Possession under a contract of purchase is sufficient to put the mortgagee under inquiry as to the title of the person in possession and to charge him with notice of the equities binding vendor.—*Reynolds v. Kirke*, 105 Ala. 446. The possession of land under a valid title though unrecorded is notice to all the world.—*Butler v. Thweatt*, 119 Ala. 225. A conveyance of land which is at the time in actual occupancy of the third person holding adversely to the grantor is void as against such adverse holding though the holding is without color of title.—*Sharpe v. Robinson*, 76 Ala. 343; *Pearson v. King*, 99 Ala. 127; *Davis v. Curry*, 85 Ala. 133.

ANDERSON, J.—The main point insisted upon by the appellant in this case is that its title should prevail over the claim of the appellee, because appellee's purchase of the lots in question was within the fifth sub-

division of the statute of frauds.—Section 2152 of the Code of 1896. The only parol purchase excepted from the influence of this statute is that "the purchase money, or a portion thereof be paid and the purchaser be put into the possession of the land by the seller." It is true that both of these acts must concur to save the purchase from the influence of the statute of frauds.—*Heflin v. Milton,* 69 Ala. 354. They need not be contemporaneous, however. If the purchaser is put in possession and subsequently pays the purchase-money, or a part thereof, or if he pays the purchase-money, and is subsequently put into possession, the transaction is beyond the influence of the statute of frauds.—*L. & N. R. R. Co. v. Philyaw,* 94 Ala. 463, 10 South. 83; *Powell v. Higley,* 90 Ala. 103, 7 South. 440.

The complainant met John Bowman in Birmingham as per appointment on the morning of December 16, 1903, and paid him the purchase price of the lots, $300, and was then instructed by Bowman to take possession, which he did the next day, by moving into the house, where he has resided ever since, and where he was residing when the respondent's grantor, Prude, got both his mortgage and deed from Bowman. Nor does it matter that Bowman did not get his deed from Edwards and others until the afternoon of December 16th, the day the complainant paid him the purchase money. He had the legal title to the lots before the concurrence of the two acts essential to validate the complainant's purchase from him, and all of which occurred before the respondent or its vendor, Prude, acquired any claim or right to the land. The complainant being in the adverse possession of the land under a valid contract of purchase, when Bowman executed the deed and mortgage to Prude, the respondent's vendor, and when Prude conveyed to it, they were all void as to him.—*Pearson v. King,* 99 Ala. 127, 10 South. 919; *Davis v. Curry,* 85 Ala. 133, 4 South. 734. So, too, is possession of land under a contract of purchase sufficient to put a purchaser on notice.—*Anthe v. Heide,* 85 Ala. 236, 4 South. 380; *Reynolds v. Kirk,* 105 Ala. 446, 17 South. 95.

It is also insisted by counsel for appellant that the first ground of the demurrer should have been sustained,

[City Loan & Banking Co. v. Poole.]

because the bill fails to aver the age and residence of the parties. It is true that the better practice is to make these averments; but all parties are presumed to be sui juris, and the bill is not demurrable for a failure to state the age, except when it shows the incapacity of the parties to sue or be sued.—*Liddell v. Carson,* 122 Ala. 518, 26 South. 133. Moreover, the respondent is a corporation, and, if the complainant was incapacitated from suing, the defect should have been raised by plea, but which would have amounted to nothing in the case at bar, as the undisputed evidence showed him to be over 40 years of age. It is also the better practice to aver the residence of the parties, and it is sometimes necessary to do so in order to show jurisdiction; but in the case at bar it was unnecessary, as the averment that the land, the subject-matter of the suit, was located in Jefferson county, was sufficient.—Section 676 of the Code of 1896. The other object to be obtained by averring the residence of the parties is to expedite and designate service of process, and to secure cost in case the complainant is a nonresident. In the case at bar the complainant is a resident of Jefferson county, and the respondent made an unconditional appearance, thus doing away with any need of ascertaining its residence in order to get serivce.

The decree of the chancellor is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.