304 So.2d 181

**Riley A. WATSON and Irene C. Watson**

v.

**Odie Lee TAYLOR and Doris Taylor.**

**SC 745.**

Supreme Court of Alabama.

Nov. 27, 1974.

Watts, Salmon, Roberts, Manning &
Noojin, Huntsville, for appellants.

388

Bell, Richardson, Cleary & Tucker and John W. Evans, Huntsville, for appellees.

BLOODWORTH, Justice.

This is an appeal by respondents from a decree granting relief to complainants on a statutory bill to quiet title. Complainants, Odie Lee and Doris Taylor, brought an action in personam [pursuant to Tit. 7, § 1109, Code of Alabama 1940 (Recompiled 1958)] against respondents, Riley A. and Irene C. Watson, to quiet title to the following described residential lot in Huntsville, Alabama, viz.:

> *"Beginning at the Northwest corner of* Lot 15, Block 11, according to the plat of Kildare Estates, as recorded in Plat Book 1, Page 164, Probate Records of Madison County, Alabama; thence due South *50* feet to a point, thence North 88 degrees 30 minutes East 133.8 feet to a point, thence North *50* feet to a point, thence West to the place of beginning." (Emphasis supplied.)

The cause was submitted on the pleadings, the exhibits, and testimony taken ore tenus.

The Circuit Court of Madison County, The Honorable John D. Snodgrass, Judge, rendered a final decree declaring that the Taylors are the owners in fee of the property in question and that the Watsons have no right, title, or interest therein or encumbrance thereon. From this decree respondents Watson appeal. We affirm.

The factual background of this case is not complicated.

In 1965, Mrs. Myrtle Fanning was the owner of the following described tract of land in Huntsville, Madison County, Alabama:

*"Beginning at the Northwest corner of* Lot 15, Block 11, according to the plat of Kildare Estates, as recorded in Plat Book 1, Page 164, Probate Records of Madison County, Alabama; thence due South *108* feet to a point, thence North 88 degrees 30 minutes East 133.8 feet to a point, thence due North *108* feet to a point, thence due West to the place of beginning. (Emphasis supplied.)

Two houses are located on this tract, an "old home place" at 2514 Kildare Avenue and a "duplex" next door at 2512 and 2510 Kildare Avenue.

On June 4, 1965, Mrs. Fanning sold the "old home place" at 2514 Kildare Avenue to the Taylors for $9,200.00. The Taylors made a substantial down payment, the balance being secured by a mortgage. The conveyance from Mrs. Fanning to the Taylors described the property sold as follows:

"Lot 15, Block 11, according to the plat of Kildare Estates as recorded in plat Book 1, Page 164, probate records of Madison County, Alabama, thence due South *50* feet to a point, thence North 88 degrees 30 minutes East 133.8 Feet to a point, thence due North *50* feet to a point, thence West to the place of beginning." (Emphasis supplied.)

As is readily apparent, this description contains no beginning point, the same having been omitted. Although this deed was not recorded until some time later (after recordation of the Watson deed), the Taylors immediately took possession of 2514 Kildare Avenue and it appears that they, or their tenants, have continuously occupied the premises.

On November 27, 1967, the Watsons purchased the duplex located at 2510 and 2512 Kildare Avenue from Mrs. Fanning. Before making the purchase, Mrs. Watson inspected the premises. The "old home place" lot has a frontage on Kildare Avenue of 50 feet while the "duplex" lot has a frontage of 58 feet. The real estate agent, employed by Mrs. Fanning to sell the "duplex," had, in his listing contract, a recitation that the duplex lot had 58 front feet. It may have been that Mrs. Taylor considered the vacant lot on the other side of the "duplex," and owned by another person, to be part of the duplex lot. Mrs. Watson testified that when she inspected the duplex property, she was aware of Mr. Taylor's house, the "old home place," but did not inquire about its ownership. Mrs. Watson also testified unequivocally that she knew she was not purchasing the Taylor house or any house other than the duplex even though she did believe she was purchasing a lot with about a 100-foot front. The contract signed by Mrs. Watson described the property as 2512 Kildare Avenue. The purchase price for the "duplex" was approximately the same as that paid by the Taylors for the "old home place." (Mr. Watson did not see the property until a year later.)

The Taylors' deed to the "homeplace" remained unrecorded. In drafting the deed to the Watsons, the scrivener described all the land originally owned by Mrs. Fanning and of which she was still the record owner. This, of course, included the "old home place." The Watsons' deed was recorded December 5, 1967.

No one was aware of the discrepancy in the deeds until about two years later when a question arose as to the exact location of the boundary line between the

Taylor and Watson lots and the discrepancy was then discovered. It was then that the Taylors recorded their deed.

The Taylors' complaint alleges that they are in peaceable possession of the lot in question, that the Watsons claim or are reputed to claim some right, title, or interest in or encumbrance upon said land and that no suit is pending to test the validity of such claim. The complaint calls upon the Watsons to set forth their claim to the described land and prays for the court to finally adjudge what title, interest, or encumbrance the Watsons have in or upon the land.

The Watsons demurred to the Taylors' complaint on two grounds:

"1. There is no equity in the bill.

"2. The source of complainants' alleged title to the real estate described in said bill is not alleged."

When their demurrer was overruled, the Watsons filed an "Answer and Cross Bill." In this pleading the Watsons first admit all allegations contained in the complaint except the Taylors' allegation of peaceable possession and then make the following allegations in paragraph 5:

"5. Respondents are informed and they believe, and, based upon such information and belief, they respectively say and charge the fact to be, that the Complainants *base their entire claim of title*, interest, and ownership of the property described in the paragraph numbered 1 of the original Bill of Complaint upon, and derive *all* their right, title, interest, and claim, legal and equitable, in and to said property, from a purported deed of conveyance dated June 4, 1965, by and between one Myrtle H. Fanning, as grantor, and the Complainants, Odie Lee Taylor and his wife, Doris Taylor, as grantees, which is recorded in the office of the Probate Judge of Madison County, Alabama, in Deed Book 428, at page 295. A true, correct, and complete copy of the said purported deed of conveyance is attached hereto, marked as Exhibit 1, and the contents thereof are incorporated herein by reference in their entirety. Said purported deed of conveyance was not admitted to record in the office of the Probate Judge of Madison County, Alabama, pursuant to the provisions of the Code of Alabama 1940, Title 47, Section 95, until November 7, 1969." (Emphasis supplied.)

The Watsons also set forth the nature and source of their own title, and allege themselves to be *bona fide purchasers for value without notice* in that they purchased the entire Fanning tract, including the land in question, for a valuable consideration from the Taylors' grantor, Mrs. Fanning, without knowledge of the Taylors' claim. The Watsons further allege that the Taylors' deed is void on its face because the description of the land is ambiguous and uncertain. In their prayer for relief, the Watsons seek an adjudication of title and to have the Taylors' deed canceled.

In their answer to the Watsons' cross bill, the Taylors specifically deny paragraph 5 as set out above. The Taylors also denied, or averred insufficient information upon which to admit or deny, the remainder of the Watsons' allegations.

After hearing the case orally, the trial court concluded that the Watsons were not bona fide purchasers for value without notice in that even though the Taylors' deed was not recorded, the Taylors' possession under said deed was sufficient to put the Watsons on notice of the Taylors' title. In reaching this conclusion, the trial court held that the ambiguous description in the Taylors' deed could be, and had been, made certain by parol evidence of what the Taylors agreed to buy and Mrs. Fanning agreed to sell. It was thus that the court rendered a final decree declaring that the Taylors are the owners in fee of the property in question ("the old home place") and that the Watsons had no right, title, or interest therein or encumbrance thereon.

According to the appellants Watson, there are two issues presented on this appeal: (1) Whether under the issues as defined by the pleadings, the appellants were entitled, upon proof of their deed, to judgment as a matter of law; and, (2) Whether under the issues as defined by the pleadings, the judgment of the trial court is sustained by "relevant material, and legal evidence." [The case was heard under the so-called "Lazy Lawyers Rule," Tit. 7, § 372(1), Code of Alabama 1940 (Recompiled 1958), which does not require objections to the evidence. We note that Appendix II to the Alabama Rules of Civil Procedure (effective July 3, 1973) states that this section is superseded by Rule 43 A.R.C.P. The order of this court of January 3, 1973, adopting the rules, states that such Appendix II is not binding on any court, but shall be viewed with a presumption of validity.]

The Watsons contend in brief:

"The Complainants, in their answer to the cross-bill (Tr. p. 12) expressly denied the allegations of the paragraph numbered 5 of the cross-bill, *and thereby denied any claim to the subject-matter of the suit based upon such deed.* There was, therefore, no issue in the case, after the filing of the answer to the cross-bill, relating to the validity of Complainants' alleged deed. Respondents were entitled to judgment removing the cloud of Complainants' deed from their title, under both aspects of their cross-bill, and were entitled to judgment upon their answer, merely upon proof of their deed. In such connection, Respondents point out to the Court that in neither the original bill nor in their answer to the cross-bill did Complainants allege ownership of the subject matter of the suit— only possession."

The Watsons also contend that oral testimony as to what Mrs. Fanning agreed to convey and what the Taylors agreed to purchase was not admissible evidence in that title to land cannot rest upon parol evidence and that such testimony is irrelevant under the state of the pleadings.

The Watsons concede that the Taylors' complaint contains the requisite jurisdictional averments of an in personam action to quiet title. Although the Taylors do not allege ownership [as required by Tit. 7, § 1110, Code of Alabama 1940 (Recompiled 1958)], this Court has held:

" * * * In a bill of this character it is unnecessary to allege in terms that the complainant was the owner of the land at the time the bill was filed." (Citations omitted.) Whitmire v. Spears, 212 Ala. 583, 103 So. 668 (1925).

" * * * It is not averred that complainant is the owner of the * * * interest which she claims to own. * * * "Assuming this to be a defect in the bill, it is a mere irregularity and was waived by an abandonment of the demurrer. While § 810 requires the bill to allege *"ownership"* of the land by the complainant, this is a matter of pleading, and is not a necessary allegation in order to bring into exercise the jurisdiction of the court, which is conferred by the preceding section." Kendrick v. Colyar, 143 Ala. 597, 42 So. 110 (1904).

" * * * It is well settled in Alabama that in a statutory bill to quiet title it is not necessary that the source of the complainant's or respondent's title or claim be set out in the bill of complaint; * * *." Brownell v. Lewis, 264 Ala. 79, 84 So.2d 489 (1956).

In the instant case, neither ground of demurrer raises the issue of failure to allege ownership. It is therefore waived.

The primary issue in a statutory action to quiet title in personam is the title or interest of the respondent. When it is shown that complainant is in actual peaceable possession (as opposed to peaceable constructive possession) at the time of filing the complaint and that no other suit is pending, title and ownership in the

complainant are presumed and the burden is on the respondent to establish a *valid* claim to the lands. Only if the respondent then establishes a *valid* claim does the complainant have the burden of proving what title he has and that it is superior. Kendrick v. Colyar, supra; City Loan and Banking Co. v. Poole, 149 Ala. 164, 43 So. 13 (1907). See Wiggins v. Stapleton Baptist Church, 282 Ala. 255, 210 So.2d 814 (1968).

█ The Taylors unquestionably proved peaceable possession at the time of the filing of the complaint and, thus, created a presumption of ownership and title in themselves. The Watsons, on the other hand, argue that they proved *valid* title in themselves by merely introducing a deed valid on its face; and, therefore, put the burden of proving a superior title on the Taylors. This contention has been rejected by this Court:

"When the complainant, as here, showed by evidence peaceable possession by her 'of the land as alleged, and that there was no suit pending at the time of the filing of the bill to test the defendant's claim of title, this made a *prima facie* case, and she was entitled to a decree adjudging defendant's claim invalid, unless he established a good title. *And if, under the evidence, he acquired no title by his deed, under which he asserts his rights or claim to the mineral interest in this land, the question whether complainant has a superior title to defendant's asserted claim to the mineral interest, or any title at all, is not in the case.*" (Emphasis supplied.) Kendrick v. Colyar, supra.

The evidence shows the Watsons' deed to be invalid insofar as it purports to convey the Taylors' "old home place" tract, because the Watsons are not, as they allege, bona fide purchasers for value without notice, and are not entitled to the protion of the recording statute. It is undisputed that Mrs. Fanning agreed to sell and the Taylors agreed to buy the "old home place" at 2514 Kildare Avenue. The Taylors were put in possession by Mrs. Fanning and have paid part of the purchase price.

On these facts, City Loan and Banking Co. v. Poole, supra, is controlling. In that case (a quiet title suit) B. purchased real estate under a parol contract and paid the purchase price, the vendor agreeing to execute a deed (which he did not do) and directing the purchaser B. to take possession, which he did. The purchaser B. continued in possession of the premises under his contract and while in possession the vendor conveyed the land to a third person. It was held that the last conveyance was void as against the purchaser B. and his possession under the oral contract was notice to the other purchaser. This Court also held:

"The main point insisted upon by the appellant in this case is that its title should prevail over the claim of the appellee, because appellee's purchase of the lots in question was within the fifth subdivision of the statute of frauds.— Section 2152 of the Code of 1896. The only parol purchase excepted from the influence of this statute is that 'the purchase money, or a portion thereof, be paid and the purchaser be put into the possession of the land by the seller.' It is true that both of these acts must concur to save the purchase from the influence of the statute of frauds.— (Citation omitted.) They need not be contemporaneous, however. If the purchaser is put in possession and subsequently pays the purchase money, or a part thereof, or if he pays the purchase money and is subsequently put into possession, the transaction is beyond the influence of the statute of frauds.— (Citations omitted.)

\* \* \* \* \* \*

"The complainant being in the adverse possession of the land under a valid [oral] contract of purchase, when Bowman executed the deed and mortgage to Prude, the respondent's vendor, and

when Prude conveyed to it [respondent], they were all *void* as to him [complainant]. (Citations omitted.) So, too, is possession of land under [an oral] contract of purchase sufficient to put a purchaser on notice." (Emphasis and explanation supplied.)

When the Watsons made their purchase, the Taylors were in open and notorious possession and had paid part of the purchase price. In accord with *Poole,* supra, the Watsons' deed was void as to the Taylors.

We find no merit in the Watsons' argument that the Taylors' deed is void on its face for ambiguity and thus could not impart notice to them, and that they were thus without notice. As can be seen from *Poole,* supra, possession by one who is not the purchaser's grantor is sufficient to put the purchaser on notice of an adverse claim, even if the one in possession has no deed. Therefore, even assuming *arguendo* that the Taylor deed is void on its face, such fact is immaterial because we decide that the Watsons' deed was void as to the Taylors. *Poole,* supra. The Watsons having no title thereto, the question as to whether the Taylors have superior title "or any title at all" is not an issue in this case. Kendrick v. Colyar, supra.

It is therefore unnecessary to decide what is the effect of the Taylors' denial of paragraph 5 of the Watsons' cross bill. We only note in passing that in paragraph 5 of their cross bill, the Watsons allege that the sole claim of the Taylors is based on the Taylors' ambiguous and unrecorded deed. The Taylors' answer thereto could be fairly construed as only denying that their deed was the sole basis for their claim.

Having carefully considered the errors assigned, we find no reversible error and accordingly affirm the trial court's decree.

Affirmed.

HEFLIN, C. J., and COLEMAN, McCALL and JONES, JJ., concur.