## CARWILE v. HOUSE.

1. Although the copy of a record is evidence, yet if the original is produced it is alse admissible, and may be used instead of a copy.

2. In an action of trespass to recover the possession of land, the declaration may be in the usual form of trespass *quare clausum fregit;* the statute requires the indorsement on the writ to inform the defendant " that the action is brought as well to try titles, as to recover damages."

3. Where an action is brought to recover the possession of several adjacent tracts of land, which the plaintiff claims as a purchaser under execution, with a sheriff's deed, it is error to charge the jury that if the defendant was in possession of any parcel or tract of the land in question, they should find for the plaintiff for all the lands lying contiguous thereto described in the declaration and the sheriff's deed.

WRIT of error to the Circuit Court of Autauga.

This was an action of trespass, *quare clausum fregit*, at the suit of the defendant in error. The declaration is in the usual form, but the indorsement on the writ states, that the action is brought as well as to try titles to sundry quarters of a quarter and half quarter sections of land (particularly described) as to recover damages for the detention of the same. The cause was tried on the plea of "not guilty," and certain questions of law, arising at the trial, were duly reserved by bill of exceptions at the instance of the defendant. It is shown that the plaintiff offered as evidence two *original* writs of *fieri facias*, which had issued from the court of chancery at Columbiana, at the suit of Jacob P. House against Zachariah B. Carwile. To the admission of these executions, the defendant objected, on the ground that they had been returned, thereby became records of the court of chancery, and could not be used as evidence of the facts they tended to prove; but his objection was overruled, and the *fi. fas.* read to the jury.

The plaintiff then proposed to prove that the lands in question had been sold under the executions, and to read the sheriff's deed for the same; but the defendant objected, on the ground that it was not allowable to give evidence of the title to lands under the

declaration, nor recover the possession of the same; this objection was overruled.

The court charged the jury, that if they believed from the evidence that the defendant was in the possession of any parcel or tract of the land in question, then they should find in favor of the plaintiff for all the lands lying contiguous thereto, described in the declaration and the sheriff's deed. Thereupon, the jury returned a verdict for the plaintiff, and judgment was rendered accordingly.

J. W. PRYOR, for the plaintiff in error.
————————, for defendant.

COLLIER, C. J.—1. It has been held as often as the point has been made, that although the copy of a record is admissible evidence, yet the original may be used where the party produces it. We can very well conceive why the copies of records and other public documents should be adjudged competent, but no reason suggests itself, why, if the original be present, it should not be equally satisfactory to establish the facts which it discloses. The argument of the counsel for the plaintiff in error would exclude the executions because they are records, and should not be removed from their proper depository. It may be true that the register of the court of chancery should not have allowed them to have been taken from his office; be this as it may, we have seen that their removal, though improperly permitted, cannot effect them as instruments of evidence.

2. The act of 1821, authorizes the title to lands to be tried by an action of trespass, "in which the plaintiff shall indorse on his writ and copy-writ, that the action is brought as well to try titles as to recover damages." Here, the plaintiff has made the indorsement which the statute requires, and this according to the practice which has prevailed . ever since its enactment, has been regarded as sufficient, without indicating by the declaration that the plaintiff's purpose is to recover the possession. Indeed, we think no other conclusion could have been attained; for the act itself declaring that the action of trespass shall be the proper remedy, it must have been intended that the pleadings should be framed as at common law. That the defendant may be advised of the object proposed, the plaintiff informs him by the indorsement on

the writ, that the title is to be tried to the lands on which the wrongful entry is made. In such case, the indorsement of the writ will be looked to, to determine the character of the action, and thus show what is the matter in controversy. [Clay's Dig. 320, § 43.]

3. We think the court erred in the charge to the jury, unless there were facts to warrant it, of which the record does not inform us. In Blackburn v. Baker, et al. [7 Porter's Rep. 288,] we said, "that the occupancy of eighty acres of land cannot draw to its occupancy the adjoining eighty acres, though unoccupied, and a part of the same quarter section. Otherwise, we must suppose not only that an appropriation by metes and bounds, or an inclosure, was not necessary, but that he who acquires one subdivision of land has also become the purchaser of another subdivision." The bill of exceptions does not state that the defendant ever was in possession, either actually or by construction, of any "parcel or tract" of land, except that of which he had the *pedis possessio.* It does not appear that the defendant was a party to the execution, when his possession commenced, or what was its character, or whether any or what claim he set up to any part of the land. Under these circumstances, the presumption cannot be indulged, that because one occupied a forty or eighty acre tract, that his possession embraced other contiguous subdivisions. For the error of the circuit court in thus laying down the law, its judgment is reversed, and the cause remanded.