## COWAN vs. COOPER.

[ACTION FOR BREACH OF WRITTEN CONTRACT.]

1. *Admissibility of parol to affect consideration of writing.*—In an action on a written contract, by which the defendant promised to pay the plaintiffs a specified sum of money, " to be void if any of them shall put in any plea or defense to prevent the probating" of a certain will, it is permissible for the defendant to prove, by parol, that " in addi- tion to the consideration specified in said writing, it was understood and agreed at the time of the execution of said contract, and before the defendant would sign the same, that she was not to be sued, nor disturbed in any way by the plaintiffs, about the property given to her by the said will."

2. *Burden of proof as to consideration of contract.*—In an action on a written contract, the writing itself imports a consideration, (Code, § 2278,) and if the consideration is impeached by plea, the *onus* is on the defendant.

3. *Redundant evidence.*—Evidence which simply tends to prove an ad- mitted fact in the case, or a fact which, under the pleadings, the law presumes, is redundant, and the court is not bound to receive it.

APPEAL from the Circuit Court of Lawrence.
Tried before the Hon. JOHN E. MOORE.

THIS action was brought by William Cowan and others, against Isabella Cooper, and was commenced on the 14th August, 1856. The complaint was as follows : " The plain- tiffs claim of the defendant five hundred dollars, due on an instrument in substance as follows," setting out the writing copied below. " Plaintiffs sue for said sum of money, due on said contract, which is their property; and plaintiffs say, that neither they, nor any of them, put in any plea or de- fense to prevent the probating of the last will and testa- ment of Wade Cooper, deceased, and that they are the only heirs now in being, or in being at the date of said instru- ment, of Nancy Cowan, deceased. Plaintiffs sue for said sum of money, with the interest thereon."

The following is a copy of the instrument referred to :
" $500. On or before the first day of March, 1856, I

promise to pay William A. Cowan, the guardian of the infant heirs of Nancy Cowan, deceased, five hundred dollars, for equal interest and mutual benefit of William A. Cowan, Thomas Cowan, Washington B. Cowan, Gibson Cowan, John W. Cowan, Justina Cowan, and Wade Cowan, children of the said Nancy Cowan, deceased; to be void, if any of the heirs of the said Nancy Cowan, deceased, shall put in any plea or defense to prevent the probating of the last will and testament of Wade Cooper, late of said county of Lawrence, deceased. Witness my hand and seal, this 9th day of July, 1855."

(Signed and sealed by the said Isabella Cooper, and attested by two witnesses.)

The defendant pleaded, "in short by consent, the general issue, with leave to give in evidence any special matter which, if specially pleaded, would be a good plea in bar"; and issue was joined on this plea. "On the trial," as the bill of exceptions states, "the plaintiffs read to the court and jury the obligation which is set out in their complaint, and rested their case. The defendants then proved, by H. W. Warren, one of the attesting witnesses, that said agreement sued on was made between the defendant, who is the widow of Wade Cooper, deceased, and the plaintiffs, who are his grand-children, on the eve of probating his will; and that in addition to the consideration specified in said instrument, it was understood and agreed at the time of the execution of said contract sued on, and before the defendant would sign the same, that she was not to be sued, nor disturbed in any way by the plaintiffs, about the property given to her by the will of the said Wade Cooper. To this portion of the evidence the plaintiffs objected, and moved the court to exclude the same from the jury. The court overruled the objection, and permitted the evidence to go to the jury; to which the plaintiffs excepted.

"The defendant offered in evidence the original papers in a certain cause now pending in said circuit court, wherein these plaintiffs sued said defendant for two slaves, Maria and Julia; which suit was brought after the execution of the obligation which is the foundation of this suit, and which said slaves were bequeathed to the defendant in the

Cowan v. Cooper.

will of said Wade Cooper, deceased. The proof showed, that the defendant set up claim to said slaves as her separate estate, and refused to deliver them to the executor of said Wade Cooper; that she has had the possession of them, and claimed them as such, since the death of her said husband. The proof tended to show, also, that these slaves had been in the possession of the plaintiffs' mother, for about two years preceding her death, under a gift from said Wade Cooper and wife (said defendant), to her for life, with remainder to said plaintiffs. The mother of said plaintiffs was dead, when the suit for said slaves was instituted. To the introduction of the papers of said suit as evidence the plaintiffs objected, but the court overruled their objection; to which the plaintiffs excepted.

"The plaintiffs introduced a witness to prove that said Wade Cooper expressed dissatisfaction with his will after he had made it, because one of his daughters was dissatisfied. The court refused to permit the plaintiffs to prove this, and the plaintiffs excepted. The plaintiffs further introduced a witness to prove that said testator, for some time before he made his will, and until his death, was in a feeble state of mind and body, and, in connection therewith, that he was dissatisfied with his will. The court refused to permit this proof to go to the jury, unless the plaintiffs proposed to show, in addition thereto, his incapacity to make a will, or some state of facts to render his capacity doubtful, such as fraud, or undue influence; to which rulings of the court the plaintiffs excepted. The plaintiffs further introduced a witness, by whom they proposed to prove that the testator was dissatisfied with his will, because one of his daughters was dissatisfied with it; and that thereupon, after making deeds of gift to Mrs. Warren and Mrs. Drane, two of his daughters, conveying certain property to them in addition to their legacies in the will, his wife and daughters being then satisfied with the will, he expressed himself satisfied. The court refused to permit the plaintiffs to make this proof, unless they proposed to show, in addition thereto, his incapacity to make a will, or some state of facts to render his capacity doubtful, or fraud, or undue influence; to which ruling the plaintiffs excepted.

The defendant proved, that Mrs. Cowan, the plaintiffs' mother, while in possession of the slaves sued for in said suit, wanted to get a boy for the girl Maria, and wanted her father to give her a title to the girl; and that the testator said, when he made his will [he would] fix it. The plaintiffs objected to this evidence, but the court overruled their objection; to which the plaintiffs excepted. There was no proof offered by the defendant of a want of consideration in the contract sued on, or a violation . thereof, except the said suit for the slaves, and the proof by the witness Warren, ab)ve stated, as to the consideration. The plaintiffs asked the court to charge the jury, that the said suit by the plaintiffs against the defendant, for the said slaves, was no violation of the contract sued on; which charge the court refused to give, and the plaintiffs excepted to its refusal."

The several rulings of the court to which exceptions were reserved by the plaintiffs, as above stated, are now assigned as error.

D. P. LEWIS, and RICE, SEMPLE & GOLDTHWAITE, for the appellants.

PICKETT & WALKER, contra.

A. J. WALKER, C. J.—This suit is founded upon a written promise to pay five hundred dollars, to be void if any of certain named persons should put in any plea or defense to prevent the probating of a specified will. The defendant was permitted to prove an agreement, prior to the execution of the promise, exacted as an indispensable pre-requisite thereto, that she should not be sued or disturbed in any way about certain property given to her by a specified will. This evidence, going to the consideration, was not obnoxious to the rule as to the variation of written contracts by parol evidence.—2 Parsons on Contracts, (5th ed.) 555; *Thomas v. Barker*, 37 Ala. 392; *Corbin v. Sistrunk*, 19 Ala. 203; *Honeycut v. Strother*, 2 Ala. 135; *Simonton v. Steele*, 1 Ala. 357; *Barlow v. Fleming*, 6 Ala. 146. The evidence of the institution, after the execution of the defendant's written promise, of a suit by the plaintiffs for two of the slaves bequeathed to the defendant in the specified will,

Cowan v. Cooper.

was obviously admissible, on account of its effect upon the point of a failure of consideration.

[2-3.] Exceptions were taken in the court below, to the exclusion of evidence offered by plaintiffs, tending to impeach the will, the contestation of which by plaintiffs was guarded against by the contract. The only point of view, in which this evidence could have been admissible in this suit, is to show that the validity of the will was doubtful, and therefore an agreement not to contest would constitute a valid consideration.—*Prater v. Miller*, 25 Ala. 320. The plea of the defendant was the general issue, "with leave to give any matter in evidence which could be specially pleaded in bar." We therefore can not ascertain, from the plea, that the defendant in any way controverted the proposition, that there was such doubt of the validity of the will as would constitute a legal consideration for a promise to pay for a forbearance to contest. The bill of exceptions does not show that the defendant controverted the consideration, on the ground of the absence of such doubt, but tends very strongly to show the contrary. There seem to have been two considerations for the contract of the defendant—the forbearance to contest the will, and the forbearance to disturb the defendant's right to certain property bequeathed by the will. So far as the former is concerned, there seems no controversy by the defendant. So far as the latter is concerned, the defendant's efforts seem to have been directed to the proof of a failure on the part of the plaintiffs to fulfill their promise of abstinence from suing or disturbing the defendant in her right to the specified property. The mere plea of a want of consideration did not throw upon the plaintiffs the *onus*. Unlike the case of *Prater v. Miller*, *(supra,)* this suit is upon a written promise to pay, the consideration of which is presumed. The statute provides, that when its consideration is impeached by plea, "the burden of proof is on the defendant."—Code, § 2278. Therefore, the consideration was an established fact, which would be asserted by the court to the jury, except in so far as it was assailed by the evidence. Then, inasmuch as there was no evidence attacking the consideration, to the extent of its dependence upon the doubtfulness of the validity of

the will, the testimony offered by the plaintiffs, conducing to show such doubtfulness, would have been clearly redundant; it would have been mere proof of a fact which the law presumes. Such testimony the court is not bound to receive, and we will not reverse for the failure to receive it.

The court was asked to charge the jury, that the suit brought by the plaintiffs, for the recovery of two slaves bequeathed to the defendant, was no violation of the contract "sued on." Such a suit was certainly no violation of the written contract; but it was a violation of the agreement, which constituted a part of the consideration of that contract. We understand the charge requested and refused to specify the particular contract sued upon, which is in writing, and set forth in the complaint, and to assert that that contract was not violated. The distinction between a violation of the written contract, and of the promise which constituted in part its consideration, is important. We think the charge, as asked, should have been given.

. Reversed and remanded.