# Huckabee *v.* Shepherd.

## *Assumpsit.*

1. *Record of deed; when admissible in evidence.*—*Held,* that the primary court did not err in admitting in evidence, in this case, a record of a deed to lands, which· had been duly recorded, on proof that the original was not in the custody or under the control of the party offering it.

2. *Charge given and withdrawn; error without injury.*—When a charge, given by the court of its own motion, is withdrawn from the consideration of the jury during the progress of the trial, if it contain error, it is error without injury, which will not work a reversal.

3. *Pleading and practice; when allegations of time not material.*—Allegations of time, when not descriptive of the subject of the action, are not required to be proved strictly as alleged ; and hence, in an action on account, the failure of the plaintiff to prove the exact date when the account became due, is not a fatal variance.

4. *When parol contract not merged in subsequent written one.*—Where an agent, employed by parol to sell land at a stipulated compensation, afterwards purchases himself, with the understanding that his right to compensation shall not be affected by his becoming the purchaser, and the contract of purchase is reduced to writing, in which nothing is said about compensating him, the prior agreement for compensation is independent of, and distinct from the contract of sale, is not merged therein,

[Huckabee v. Shepherd.]

and may be established, without infringing the rule excluding parol evidence of antecedent or contemporaneous stipulations which contradict or vary the legal effect of written instruments.

APPEAL from Bibb Circuit Court.

Tried before Hon. JAMES E. COBB.

This was an action of assumpsit by A. K. Shepherd against C. C. Huckabee, the plaintiff declaring on an open account, an account stated, for money paid, and for work and labor done; the amount sued for being alleged to have become due on 15th October, 1880. The cause was tried on the plea of the general issue, the trial resulting in a verdict and judgment for plaintiff.

The evidence introduced on behalf of the plaintiff tended to show that the defendant, being authorized to sell certain lands in Bibb county, known as the property of the "Bibb County Iron Works," for a stated compensation, agreed with the plaintiff to give him a part of that compensation, if he would aid the defendant in making a sale of the lands; that the plaintiff, after commencing negotiations with third parties for a sale of the lands, but before consummating it, purchased the property himself; and, on 14th October, 1880, the contract of sale was reduced to writing and executed by plaintiff and defendant; that the purchase was made by plaintiff "for himself and associates," although not so expressed in the writing, and, at the time it was made, the plaintiff had no one associated with him in the transaction, "but it was understood that others were to come in;" and that when the contract was made, both before and after it was signed, the defendant stated, in answer to questions put to him by the plaintiff, that the latter's taking an interest in the purchase would not affect his right to the stipulated part of defendant's compensation for making the sale. It is not shown when the plaintiff was to have been paid for his services. The evidence for the defendant tended to show that he did not agree to pay plaintiff any compensation whatever.

The plaintiff, after testifying that the original "was not in his custody or under his control," and showing that it was not in the possession of his attorney, was allowed to read to the jury, against the defendant's objection, the record of the deed conveying said property in pursuance of said contract of sale, as recorded in the office of the judge of probate of said county ; and to this ruling the defendant excepted.

The court, having, in its general charge, given an instruction to the jury, on exception thereto by the defendant, stated to the jury that the instruction "was withdrawn from them as the defendant objected to it." The defendant also excepted to the refusal of the court to give the following charges requested

[Huckabee v. Shepherd.]

by him in writing, to-wit: 2. "It is the duty of the plaintiff to prove his cause of action as alleged in his complaint ; and if in this case, the plaintiff alleges a claim to be due him on a particular date, and fails by his proof to show when his claim accrued, then the jury must find for the defendant." 4. "When parties are negotiating in reference to a given thing, and they reduce their contract to writing, the writing becomes the exposition of the contract of the parties, and can not be varied by parol evidence."

The rulings above noted are here assigned as error.

WM. C. WARD, for appellant.

WATTS & SON and SUTTLE & PETERS, contra.

SOMERVILLE, J.—There was no error in the action of the court admitting in evidence the original book containing a registration of deeds, which was a record required by law to be kept in the office of the probate judge. The purpose of its introduction by the plaintiff was to prove the contents of a registered deed executed by the defendant to plaintiff and one Carter, which had been recorded as prescribed by law. This was clearly permissible after the predicate had first been laid, showing that the original deed was not in the custody or under the control of the party introducing this secondary evidence. The statute expressly authorizes a certified transcript of such record to be admitted, under the above conditions. No reason can be seen why a copy should be received, and the original record itself excluded.—*Lawson v. Orear*, 4 Ala. 156 ; *Carwile v. House*, 6 Ala. 710.

If there was any error in the charge given by the court, to which exception was taken, it must be presumed to be error without injury, in view of the fact that this charge was withdrawn by the court from the consideration of the jury, during the progress of the trial.

The second charge requested by the defendant was properly refused, because it assumed a variance to exist if the plaintiff failed to prove the exact date when the account became due, or his cause of action on the common counts accrued. Allegations of *time*, like those of place, quantity, quality and value, when not descriptive of the subject of the action, are not required to be proved strictly as alleged.—1 Greenl. Ev. §§ 61, 56. The statute of limitations not having been pleaded in defense of the action, the particular time when the account became due was clearly immaterial, provided only this time was prior to the institution of the suit.

The contract between the plaintiff and the defendant, bear-

ing date on the 14th of October, 1880, had reference only to the purchase of the property, known as the "Bibb County Iron Works," it being shown that the plaintiff was only acting as agent for a company in which he had an interest. This written instrument contains no reference to the subject of any compensation or commission to be received by the plaintiff for effecting such sale. It may be that, presumptively, a vendee is not entitled to commissions for effecting a sale between the vendor and himself. But there was proof here tending to rebut this presumption, by showing an express agreement to the contrary. The agreement of the parties as to commissions was anterior to, as well as distinct from the contract of sale itself. The case, then, is one where the particular contract sued on was not reduced to writing, and where the one actually put in writing was not intended to contain all matters of agreement between the parties. Oral evidence is admissible in such cases to show this state of facts, without infringing the rule excluding parol evidence of contemporaneous stipulations, which contradict or vary the legal effect of written instruments.—*Brown v. Isbell*, 11 Ala. 1009; 1 Add. Contr. (Am. Ed.) § 243. This principle is a qualification of the general rule last stated, and is admitted to be of difficult, and often of delicate application in practice. But it is well founded in reason, as well as established by authority, and is often invoked by the courts "to enable one party to escape from the fraud or injustice of the other."—1 Greenl. Ev. (Redf. Ed.) § 284*a*. In this view of the law, there was no error in refusing the fourth charge requested by the appellant.

Judgment affirmed.