# Stevenson *v.* Moody.

*Statutory Action in nature of Ejectment.*

1. *Record proof of declaration and claim of exemption.*— A declaration and claim of exemption, verified by affidavit, and filed in the office of the probate judge, may be proved by a transcript properly certified (Code, § 2788), or by the record book itself. (*Stevenson v. Moody*, 83 Ala. 418, withdrawn.)

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This case is reported in 83 Ala. 418, and the material facts are there stated. The opinion there published was withdrawn

3

by the court, *ex mero motu*, and the opinions here published were filed on a subsequent day of the term.

P. O. HARPER, for appellants.

M. N. CARLISLE, *contra.*

STONE, C. J.—On February 15, 1888, we announced a decision in this cause, affirming the judgment of the Circuit Court. That case, with the opinion of this court affirming it, is reported in 83 Ala., at page 418. We have since reconsidered the case, and have taken back the opinion. We, in that opinion, said: "The declaration of exemptions would have been admissible in evidence, as an admission of Jane Moody, one of the plaintiffs, that she adopted and acted upon the alleged partition, and claimed the lands allotted to her, if proof had been made that she signed or verified the declaration, or a properly certified transcript of the record of the Probate Court had been offered." We then announced that the record failed "to show that such proof was made or proposed, or that such transcript was offered." It is thus seen that we impliedly said, that if it had appeared that Mrs. Moody signed and verified the claim of exemptions, it would have been competent evidence against her;' or a certified transcript from the Probate Court would equally have been legal evidence.

Looking more narrowly into the transcript, we find that the claim of exemptions offered purports on its face to have been signed by Mrs. Moody. True, her name is not signed at the foot of the description of the property claimed, but it is signed to the affidavit, which asserts and verifies the claim. There was then attached the official certificate of the clerk of the probate judge, that Mrs. Jane Moody personally appeared before him, &c., and that said claim of exemptions was "sworn to and subscribed before" him, giving the date and his official signature. And this was recorded in the "record of exemptions of Probate Court of Pike county." Now, the affidavit to the claim of exemptions, and the registration of the claim in the probate office, in a book kept for that purpose, are each provided for by law.—Code of 1886, §§ 2515 (2828), 2516 (2829). Being provided for by law, they are official acts, and import verity; and certified or authenticated copies of them are evidence.—Code of 1886, § 2788; *Dudley v. Chilton County*, 66 Ala. 593.

[Stevenson v. Moody.]

The record statement of the evidence offered and rejected in this case is in the following language: "The defendants offered the following declaration of exemptions of Jane Moody, from the record of exemptions of Probate Court of Pike county, and which court refused to admit, and to which defendant duly excepted." No ground is stated on which the court's ruling was based. Under this language, we do not think we are permitted to indulge the presumption, that any question was raised as to the identity or genuineness of the book offered. If that had been the ground, would not the language of the bill of exceptions have been, that they offered what *purported to be* the record of exemptions? The language of the bill of exceptions is, that they offered "the following declaration of exemption of Jane Moody from the record of exemptions," &c. Is not this an assertion, that the document offered was the declaration of Jane Moody, that it had been recorded, and the offer was from the record of it. In other words, that they offered to prove it by the book of records. We think the bill of exception precludes the inference that the objection was to the form in which the offer was made.

But, if the objection had been that the original record had been offered instead of an examined, or certified copy—we mean the record admitted or proved to be the record required to be made—we are at a loss to perceive how a copy taken from the record can be higher, or more reliable evidence, than the record from which it is taken. We understand the rule of this State to have been long settled, that the original record book, proven or admitted to be such, is original evidence; as much so as a certified copy of it can be. *Lawson v. O'Rear*, 4 Ala. 156; *Carwile v. House*, 6 Ala. 710; *Miller v. Boykin*, 70 Ala. 469; *Williams v. State*, 68 Ala. 551.

We do not intend to be understood as affirming, that one court, except in special cases, can compel another court to surrender its record for inspection, or for use as evidence. All we decide is, that when such record is thus produced, and admitted, or proved to be what it purports to be, it becomes evidence of equal dignity with a certified copy of the same. Nor is it our intention to question or overturn *Ansley v. Carlos*, 9 Ala. 973, and cases which followed it.—1 Brick. Dig. 829, § 348.

Charge 3 asked by defendants ought to have been given, but its refusal was not separately excepted to.

Reversed and remanded.

[Stevenson v. Moody.]

CLOPTON, J.—It was not intended, in the former opinion, to gainsay the rule, that the record book, when proved or admitted, is receivable in evidence, whenever a certified transcript therefrom is competent, though it is susceptible of such construction, not having been as clearly and explicitly expressed as it should have been. What we intended, to say was, that the declaration of exemptions was not competent evidence of an admission of the alleged partition, whether the original paper, or original record, or an authenticated transcript was used, without preliminary proof of its execution or verification by Mrs. Moody, or connecting her with it in some way, as by its use, or being instrumental in having it recorded. I dissent from the construction of the statute (§ 2788 of Code, 1886), under which its effect is to make a certified or authenticated transcript from the book, in which the law requires such declarations to be recorded, presumptive evidence, in this or similar cases, of its execution or verification.

Whether the land in controversy was formerly held by the litigant parties as tenants in common, and been partitioned between them, were disputed collateral facts. The declaration of exemptions, tending to show that Mrs Moody occupied and claimed the portion allotted to her as her homestead, was only relevant and competent as an admission of the partition. There can be no doubt that the statute constitutes a duly certified transcript from the book of exemptions presumptive evidence, to have the same effect as if the original were produced and proved, in any proceeding in which the claim of exemptions is directly involved; but, in my opinion, its operation should be restricted to such cases. Though the official acts of sworn officers may import verity, such presumption should not be extended so far as to impart to the record itself, in a suit between third persons, competency as evidence of a material and independent fact, which is merely collateral and incidental. I can not suppose that it was the intention of the statute to give the book, in which the declaration of exemptions is recorded, greater probative force than the original—to make the record competent evidence, not only that it is a true copy, but also of the execution of the original, when the original, if offered, would not be self-proving.