# Western Union Telegraph Company *v.* Hughston.

*Improper Transmission of Telegram.*

(Decided November 7, 1914.   Rehearing denied December 17, 1914.
67 South. 670.)

1. *Appeal and Error; Review; Matters Presented.*—The refusal of the court to strike from the complaint allegations of damages for which the law allows no recovery, is not reviewable error; nor is a complaint containing such allegation subject to demurrer on that account.

2. *Telegraphs and Telephones; Mistake in Transmission; Evidence.*—Where the action was for a mistake in the transmission of a message, the correct message inquiring, "Can I get there in time to see her?" and the message as sent being, "Can't get there in time to see her," whereby she failed to see her dead sister, it was competent for plaintiff to show that after she sent the message, she began packing preparatory to going, and kept her things packed for several days thereafter.

3. *Same; Mental Anguish.*—Testimony that the receipt by plaintiff of the news of the death of her sister made her sad, was not a proper way of proving mental anguish, superinduced by failure of the telegraph company to properly transmit her telegram, and thus preventing her from seeing her sister.

[Western Union Telegraph Company v. Hughston.]

4. *Appeal and Error; Harmless Error; Evidence.*—While the fact that the news of the death of her sister made plaintiff sad, was not a proper method of showing mental anguish, yet such matter was collateral and to be inferred from the relation of the parties, in the absence of evidence to the contrary and its admission was consequently harmless.

5. *Same; Presumptions; Sustaining Demurrer.*—Where the judgment entry showed that demurrer was sustained to defendant's plea, but the demurrer was not set out or apparent, the ruling will be sustained on appeal if such plea was subject to any ground of demurrer.

6. *Same; Harmless Error; Pleading.*—Where the general issue was otherwise pleaded, the sustaining of a demurrer to a plea of the general issue was not prejudicial.

7. *Telegraphs and Telephones; Transmission; Time of Filing Claim.*—Where the action was for damages for incorrectly transmitting a message, a plea setting up, as a part of the contract of sending, the stipulation that the company would not be liable where the claim was not presented within sixty days after the message was filed, and averring that the claim which was peculiarly within the knowledge of plaintiff, was not presented in writing within 60 days, after said message was filed, was technically bad for failing to aver that plaintiff did not present her claim to defendant company.

APPEAL from Talladega City Court.

Heard before Hon. M. M. MANNING, Special Judge.

Action by Gertrude Hughston against the Western Union Telegraph Company for damages for failure to correctly transmit and deliver telegram. Judgment for plaintiff, and defendant appeals.

Transferred from Court of Appeals. Affirmed.

The case made by the pleadings is that a sister of plaintiff, a Mrs. Keith, had been suddenly killed at or near Shreveport, La., and that plaintiff had been informed thereof by telegram, whereupon she wired Arthur Keith, her nephew, and the son of her deceased sister, as follows: "Can I get there in time to see her? Gertrude Hughston." When the telegraph reached her said nephew, it read: "Can't get there in time to see her. Gertrude Hughston." Therefore the telegram was never answered, when in fact, if it had been properly transmitted, it would have been answered, and plaintiff would have had ample time to have reached Shreve-

port in time to have seen the body of her deceased sister, and to have been present at the burial.

The objection to evidence sufficiently appears in the opinion.

Plea 2 sets up as a part of the contract for sending the message the stipulation that the company will not be liable for damages or statutory penalty in any case where the claim is not presented in writing within 60 days after the message was filed with the company for transmission, and avers that the claim in this case, which was peculiarly within the knowledge of plaintiff, was not presented in writing within 60 days after said message was filed with the company for transmission, and therefore defendant is not liable in this action:

Plea 4 sets up the inability of plaintiff to have reached the place of burial of her sister, even if the message had been transmitted or delivered in the manner that it was claimed it should have been, and that the failure to so transmit and deliver did not damage the plaintiff in any way.

GEORGE H. FEARONS, KNOX, ACKER, DIXON & SIMS, FORNEY JOHNSTON, and W. R. C. COCKE, for appellant.

HARRISON & WELCH, for appellee.

SOMERVILLE, J.—(1, 2) The refusal of the trial court, on defendant's motion, to strike from the complaint allegations of damage for which the law allows no recovery, is not reviewable error.—*DeJarnette v. Dreyfus*, 166 Ala. 138, 51 South. 932. Nor is a complaint containing such allegations subject to demurrer on that account.—*B. S. Bank v. Rosenbaum*, 137 Ala. 530, 34 South. 609. The assignments of error relating to these matters are without merit.

(3) The plaintiff was permitted to show that after sending the message to the telegraph office by her son for transmission by the defendant to her nephew at Shreveport, she "went to packing her things in a suit case" and getting ready, and also that she kept them packed for several days. The objections to this evidence seasonably made, were in substance that it was immaterial to the issues, that it was a conclusion of the witness, and that it was making evidence by the plaintiff for herself.

We think, however, that it was clearly relevant and competent for the purpose of showing the plaintiff's intention and readiness to promptly leave home on a journey to Shreveport if she received an affirmative answer to the message which, as the evidence adduced by her tended to show, she had delivered to the defendant for transmission. The testimony that she made such preparations may of course be false, but there is nothing to indicate that the preparations, if in fact made, were simulated or self-serving merely, and that objection is without merit.

Whether the plaintiff's conduct in this behalf was competent as showing her belief that she had sent a message which foreshadowed a journey by her in the contingency of a favorable reply, and hence as corroborating her testimony as to the contents of the message she delivered to the defendant, we need not determine. See, however, 1 Wig. Ev., § 267.

(4, 5) The plaintiff was allowed to state that the receipt of the telegram announcing the death of her sister made her "very sad." This was not a proper way of showing mental anguish.—*W. U. T. Co. v. Cleveland,* 169 Ala. 131, 53 South. 80, Ann. Cas. 1912G, 534. Nor do we conceive in what aspect this grief of the plaintiff, though naturally arising from the news of her sis-

ter's death, was legally relevant to any of the issues in the case. It is not conceivable, however, that the trial judge confused this initial grief with the actionable grief resulting from the plaintiff's failure to be present at her sister's funeral, as a basis for the estimation of damages, and we are thoroughly satisfied that this evidence did not in any way affect his conclusions. The matter was purely collateral, and the fact would in any case be inevitably inferred from the relation of the parties, in the absence of evidence to the contrary, of which there was none. In this connection, we do not overlook the principle declared in *Brandon v. Progress Distilling Co.,* 167 Ala. 365, 52 South. 640, as to error without injury. We think it is not applicable here, however.

(6, 7) The judgment entry shows that a demurrer was sustained to the defendant's plea No. 2, but the demurrer is not set out in the record, and its grounds are not apparent. In such a case the ruling will be sustained if the plea is subject to *any* ground of demurrer. If not otherwise defective, this plea is technically bad in failing to aver that the plaintiff did not present her *claim to the defendant company.*

(8) Plea 4 was but the general issue, and, the general issue being otherwise pleaded, its elimination on demurrer was not prejudicial to the defendant.

We find no reversible error in the record, and the judgment will be affirmed.

Affirmed. ⸱

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.