(112 So. 454)

**GILLILAND et al. v. HAWKINS.**
(5 Div. 951.)

Supreme Court of Alabama. March 24, 1927.
Rehearing Denied April 21, 1927.

1. Pleading ⟨⟩193(8)—Complaint showing contract breach and pecuniary damage is not demurrable because improper items of damage are claimed or items insufficiently set out.

Complaint, showing breach of contract and some pecuniary damage resulting therefrom, is not demurrable because it claims improper items of damage or insufficiently sets out items of damage.

**2. Pleading** ⚭362(2), 428(3)—**Trial** ⚭145—Where complaint claims improper items of damage, appropriate remedy is by motion to strike out or by objection to evidence or by instructions.

Where complaint, showing breach of contract, claims improper items of damage or insufficiently sets out items claimed, the appropriate remedy is by motion to strike out the objectionable items, or by objections to evidence, or by instructions to jury.

**3. Frauds, statute of** ⚭128—Allegation of purchase of timber for $1,600, and seller's oral agreement to dress lumber and breach thereof, held not based on contract void under statute.

Complaint alleging purchase of standing timber in consideration of $1,600 and seller's oral agreement to dress and finish lumber for buyer at rate of $2.50 per thousand feet and that plaintiff buyer had paid for the timber, taken possession, cut, and removed it from the land, but that seller had breached his contract to dress lumber, held not based on contract void under statute; the agreement to dress the lumber being purely collateral to the contract to convey the land which was fully performed.

**4. Appeal and error** ⚭1040(6)—Sustaining demurrer to plea amounting only to plea of general issue held not prejudicial.

In action for damages for breach of contract, sustaining demurrer to plea which amounted to no more than a plea of the general issue held not prejudicial to defendant.

**5. Evidence** ⚭419(3)—Where complaint alleged timber sale and seller's oral agreement to dress lumber and breach thereof, plea alleging conveyance by written deed, omitting reference to agreement to dress, presented no defense under parol evidence rule.

Where plaintiff, in action for damages, alleged the purchase of standing timber in consideration of $1,600 and defendant seller's oral agreement to dress lumber at $2.50 per thousand feet and a breach of such oral agreement, held seller's plea that sale of timber was executed by a written deed which did not include the alleged agreement to dress the timber conveyed, did not present a defense; parol evidence being admissible to show a consideration in addition to that recited in the deed, the legal effect of which was not thereby varied.

**6. Logs and logging** ⚭3(15)—Whether seller of standing timber agreed to dress lumber for buyer held for jury.

Question whether seller of standing timber agreed to dress lumber made at a particular rate held, under evidence, for jury in action for breach of such alleged agreement.

**7. Pleading** ⚭430(2)—Variance between contract alleged and proven is waived by absence of proper objection to evidence or requested instructions.

Material variance between contract alleged and that proven in action for damages for breach thereof is waived by failure to make proper objection to evidence or to request instructions thereon.

**8. Damages** ⚭45—Timber seller, failing to carry out agreement to dress lumber for purchaser, is liable for purchaser's expense in minimizing damages and cost of longer haul to planing mill.

Seller of standing timber, agreeing to furnish lumber for purchaser at a stated price per thousand feet, and failing to carry out such agreement is liable for damages, including expenses incurred in minimizing damages and cost of hauling timber to more distant planing mill.

**9. Trial** ⚭260(4)—Refusal of requested instructions covered by general charge held not prejudicial.

Refusal of requested instructions affecting credibility of witnesses, if jury believed that they willfully swore falsely, held not prejudicial; such instructions being covered by general charge.

### On Rehearing.

**10. Logs and logging** ⚭3(15)—Pleading of seller's agreement to dress lumber as part of consideration for sale of standing timber held at variance with contract proven.

Allegation that plaintiff purchased standing timber for stated sum and that seller agreed, as part of the consideration, in addition to conveying the timber, to dress and finish lumber manufactured therefrom at stated rate per thousand feet, and breach of such latter agreement, held at variance with contract established by plaintiff's testimony that seller's representative said "he would let us have the timber for $1,600, and he would dress it for $2.50 per thousand feet;" the proposals being separate, though made at the same time.

**11. Evidence** ⚭419(3)—Under parol evidence rule, consideration in deed may be inquired into and any additional consistent consideration shown.

Notwithstanding parol evidence rule prohibiting party from proving a different consideration from that named in deed, and preventing grantor from disproving receipt of consideration acknowledged in deed, the consideration in a deed may always be inquired into, and any additional consideration shown, if not inconsistent with that expressed in the deed.

**12. Trial** ⚭84(1)—Objection that question called for incompetent, irrelevant, and immaterial testimony held ineffective to raise objection that it called for motive of witness.

Where witness was asked if he had been through timber with a view to seeing how far it was to planing mill, objection that question called for incompetent, irrelevant, and immaterial testimony held insufficient to raise objection that question called for the motive of the witness.

Appeal from Circuit Court, Coosa County; E. S. Lyman, Judge.

Action by W. C. Hawkins against J. S. Gilliland and R. P. Harris. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

⚭For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Plaintiff sues defendants for breach of a contract by which defendants agreed to dress and finish the lumber on a certain tract of land sold by them to plaintiff, at the price of $2.50 per M feet.

After reciting the sale and purchase of the standing timber, both counts of the complaint allege:

"That said timber was purchased by him for the purpose of immediately placing a sawmill on the same and to manufacture said timbers into lumber and putting the same on the market, which facts were known by said Coosa Lumber Company (defendant's trade-name), and that, as a part of the consideration for which he agreed to pay for said timber, to wit, $1,600, which sum has been paid to said Coosa Lumber Company by plaintiff, the Coosa Lumber Company agreed with this plaintiff that, in addition to conveying said timber to this plaintiff they would dress and finish said lumber on a planing mill for the plaintiff at and for the sum of $2.50 per thousand feet, and would maintain a planing mill for that purpose, and would plane said lumber about one mile from the place plaintiff's mill was to be located and has been located."

Count A does not show whether the contract was written or oral. Count B avers that it was oral.

Both counts allege a breach of said contract, in that defendants failed and refused to plane said lumber as they had contracted they would do, and that by reason of the breach plaintiff suffered certain damage, as enumerated, including especially the increased cost of hauling part of the lumber to a more distant point for planing, and the loss of profit on the other by reason of having to sell it in the rough.

Demurrers to these counts being overruled, defendants pleaded the general issue, and to count A the following:

"A. They adopt plea No. 1 heretofore filed in this cause and add thereto the following averments, viz: The sole and only contract made and entered into between the plaintiff and the defendants was for the sale of said timber in said contract described and said deed contains all singular the terms and conditions of said alleged contract, as agreed upon, by and between said parties, and there was no contract on the part of these defendants to plane said lumber manufactured from said timber as in said count alleged."

To counts A and B, the following was pleaded:

"(1) The defendants aver that they agreed that they would sell certain timbers to plaintiff and that in pursuance of the contract of sale of the said timber the Coosa Lumber Company executed a writing purporting to convey to plaintiff the timber described in the complaint, giving to plaintiff rights of way for cutting and removing said timber, and also providing that plaintiff should have two years in which to cut and remove said timber, and defendants aver that in said writing there was no provision that defendants plane said lumber as alleged in the complaint."

Demurrers to these pleas were sustained, and trial was had on the general issue.

The trial judge, after instructing that plaintiff would be entitled to recover for what damage was suffered, if he acted as a reasonable man would under those circumstances to minimize the damage, instructed as follows:

"And that would include, of course, the expense of what he did to minimize the damages, and that would constitute part of the damages; and his claim is that it cost so much more to haul the lumber to the place where he could have it planed than it would have cost him if it had been planed at the place he said was agreed on, and hauled to the nearest shipping point, and, if that is a fact, then he would be entitled to that extra expense he would have been put to in hauling it to a place where he could have it planed, and that is one of the elements of damage he claims here."

Defendants excepted to all of the quoted portion of the charge above set out.

The general affirmative charge as to each count of the complaint was refused to defendants, and also charge C:

"C. The court charges the jury that if you believe from the evidence in this case plaintiff willfully swore falsely, when he testified that he did not tell the witness T. J. Girdner that the easiest money ever made was out of a damage suit just like this one, and that Riddle took one-half, then you are authorized to disregard all his testimony."

There was a verdict with judgment for plaintiff, and defendants appeal.

L. H. Ellis, of Columbiana, John A. Darden, of Goodwater, and Holley & Milner, of Wetumpka, for appellants.

Where a complaint shows on its face that the contract relied on is obnoxious to the statute of frauds, the objection may be taken by demurrer. Conoly v. Harrell, 182 Ala. 243, 62 So. 511; 7 Michie's Ala. Dig., 90. Parol evidence of prior or contemporaneous verbal agreements, varying or adding to a written contract, is not admissible. Thompson F. & M. Co. v. Glass, 136 Ala. 648, 33 So. 811; Seitz v. Brewer, 141 U. S. 510, 12 S. Ct. 46, 35 L. Ed. 837; Able v. Gunter, 174 Ala. 393, 57 So. 464. A formal written contract controls all matters involved therein, and excludes any prior agreements relating to the same matter. Navco Hardwood Co. v. Mobile Nav. Co., 214 Ala. 176, 106 So. 862.

D. H. Riddle, Jr., of Talladega, for appellee.

When the written contract does not purport to disclose the complete contract, or does not contain all the stipulations of the parties on the subject, parol evidence is admissible

to show what the rest of the agreement was. Middleton v. Ala. Power Co., 196 Ala. 1, 71 So. 461; Roquemore v. Vulcan Iron Wks., 151 Ala. 643, 44 So. 557.

SOMERVILLE, J. [1, 2] Both counts of the complaint show a breach of contract and some pecuniary damage resulting therefrom. This being true, the counts were not subject to demurrer because they claimed for improper items of damage, or set them out insufficiently. In such a case, as often declared, the appropriate remedy is by motion to strike the objectionable items from the complaint, or by objections to the evidence, or by instructions to the jury. Terrell v. Nelson, 177 Ala. 596, 58 So. 989; W. U. T. Co. v. Hughston, 191 Ala. 424, 67 So. 670.

[3] Count B, alleging that the entire contract declared on was oral, was demurred to on the ground that it appeared to be void under the statute of frauds. It appears, however, from the allegations of this count, that plaintiff paid for the timber, took possession of it, and cut and removed it from the land. That part of the contract within the influence of the statute of frauds was therefore fully executed, and the statute does not apply. City Loan, etc., Co. v. Poole, 149 Ala. 164, 43 So. 13. And this action is not based on any breach of the contract to convey the trees, but on the purely collateral agreement to dress the lumber for the purchaser.

The demurrers to the complaint were properly overruled.

[4] Plea A to count A is in effect no more than a plea of the general issue, and its elimination by demurrer was not prejudicial.

[5] Plea 1 to counts A and B sets up, in substance, that the contract for the sale of the timber was executed by a written conveyance thereof, which did not include the alleged agreement to plane the lumber. In legal effect it sets up the parol evidence rule as a bar to the action. It does not show, however, that the deed, as a matter of law, superseded and excluded the agreement to dress the lumber; and manifestly, under the general issue, the principle invoked was available by objection to the proof of such an agreement by parol evidence. Hence, even if erroneous, the sustention of the demurrer to this plea was not prejudicial.

The most important question presented by the record is whether, having introduced in evidence the deed executed by defendants, conveying to him the timber pursuant to their previous parol agreement, and containing no reference whatever to any other consideration therefor than the payment of $1,600—nothing about the vendor's undertaking to plane the lumber sawed from the timber—plaintiff could nevertheless show such an agreement by the vendors, made by parol, anterior to the execution of the deed, and contempora-

neously with the original agreement to sell and convey the timber. Defendants' contention is that the deed expressed the entire contract between the parties, limiting the undertaking of the grantors to a conveyance of the timber for the consideration stated, and that parol evidence of any other agreement, as a part of the consideration for the vendee's purchase, is forbidden by the parol evidence rule.

It will be observed that in the complaint it is alleged that defendants' agreement to dress the lumber at $2.50 per M feet was part of the consideration for plaintiff's purchase of the timber for $1,600. But the testimony shows merely that plaintiff accepted defendants' offer to sell him the timber for $1,600, and to dress it for $2.50 per M. On the face of it, this indicates two separate and distinct agreements upon separate and distinct considerations. No doubt the contract to dress the timber at that price (if made as alleged) was some inducement to plaintiff to buy the timber. But "there is a clear distinction sometimes between the motive that may induce to entering into a contract and the consideration of the contract. Nothing is consideration that is not regarded as such by both parties. It is the price voluntarily paid for a promisor's undertaking. An expectation of results often leads to the formation of a contract, but neither the expectation nor the result is 'the cause or meritorious occasion requiring a mutual recompense in fact or in law.'" Strong, J., in Philpot v. Gruninger, 14 Wall. 570, 577, 20 L. Ed. 743.

The purpose of the deed was merely to convey the timber for the consideration agreed on and paid. There was no occasion for the recital in the deed of an independent undertaking which was itself based upon a separately specified consideration of its own. No advantage to the plaintiff is apparent in making the agreement to dress the lumber an integral part of the contract for the sale and conveyance of the timber. As an independent contract, it is just as effective for every purpose.

Disregarding the technicalities involved, the case presents but four vital questions: (1) Did the parties make the contract to dress the timber, as alleged? (2) Was the contract, as proved, a variance from the contract declared on? (3) If a variance, was the variance waived by defendants' failure to object to the evidence, or to request an affirmative instruction on that ground? (4) If the variance was waived, did the evidence properly show the substantial damage covered by the verdict of the jury?

[6, 7] (1) The question of contract, vel non, was a sharply disputed question for the jury. (2) The contract shown was technically a variance from the contract declared on. (3) If a material variance, it was unquestionably waived by the absence of proper objection

to the evidence, or of requested instructions calling the court's attention thereto. (4) The evidence showed items of damage, within the range of jury finding, which substantially support the verdict.

We find no error in the rulings on the evidence, and none of them could have affected the result in the smallest degree.

[8] That part of the oral charge excepted to by defendants correctly stated the rule applicable to the evidence.

[9] The two charges refused to defendants dealing with the credibility of plaintiff's testimony in general, if shown to be willfully false in one material particular, were fully covered by the general oral charge, and their refusal was not prejudicial.

We find no prejudicial error, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

On Rehearing.

SOMERVILLE, J. Counsel for appellant have presented a very thoughtful and forceful criticism of the more important conclusions stated above.

[10] Among other things, it is insisted that there was in fact no variance between the contract declared on and the one shown by plaintiff's evidence. Count A of the complaint avers that—

"As a part of the consideration for which he agreed to pay for said timber, to wit, $1,600, which sum has been paid to said * * * company by plaintiff, the * * * company agreed with this plaintiff that, in addition to conveying said timber to this plaintiff, they would dress and finish said lumber on a planing mill for the plaintiff at and for the sum of $2.50 per thousand feet, and would maintain a planing mill for that purpose."

Count B avers substantially the same agreement. Plaintiff's testimony is that defendant's representative in making the trade simply said that "he would let us have the timber for $1,600, and that he would dress it for $2.50 per M," and that these were the proposals he afterwards accepted. Notwithstanding that the two proposals were made at the same time, it is certain that each carried its own consideration; and there is nothing to show that, when plaintiff agreed to pay $1,600 for the timber, he bought also for that consideration a contract to have the timber sawed for a stated price. The contract testified to by plaintiff certainly does not in this material particular conform to the contract declared on, and hence the conclusion that there was a variance.

But, looking to the merits of defendants' main contention, viz. that, in the face of their execution of a deed to the timber which recited a consideration of $1,600 and contained no recital of any undertaking by the grantors to dress the timber for a price per thousand feet, plaintiff cannot be allowed to show such an undertaking by any parol agreement made prior to, or contemporaneously with, the execution of the deed, the result would not be different, for this conception of the operation of the so-called parol evidence rule in cases like this is erroneous.

In the case of McGehee v. Rump, 37 Ala. 651, 654, Judge Stone said:

"There is no repugnancy of decision on the general proposition that parol proof shall not be heard, in a court of law, to vary, enlarge, or diminish the binding obligations of a written contract, as between the parties. In suits on such written contracts, if there be no question of fraud in the execution of the instrument, the parties must stand or fall by the evidence they have furnished of their own contract; and what the terms of that contract are, is a question of law for the court, and not a question of fact for the jury. But, when the question presented is not among the controlling or primary purposes of the writing, but concerns an incident, rather than the direct object and aim of the contract, less stringency of rule has generally been enforced. Here commences the conflict of authorities, which, for the welfare and repose of society, it were well to have reconciled. We think we are in safe bounds, when we assert that, in the advancing history of both England and the most of the states of America, we discover a disposition in the courts rather to relax the rule, than to make it more stringent.

"The decided weight of the modern authorities, as our after citations will show, is that the consideration clause of a deed is open to the influence of parol proof, except for two purposes: First, it is not permissible for a party to the deed to prove a different consideration, if such change vary the legal effect of the instrument; and, second, the grantor in a deed, who acknowledges the receipt of payment of the consideration, will not be allowed, by disproving that fact, to establish a resulting trust in himself."

[11] Subject to the two restrictions stated, it has always been held that the consideration in a deed may always be inquired into, and any other or any additional consideration may be shown, if not inconsistent with that expressed in the deed. Henry v. Murphy, 54 Ala. 246, 255; Cowan v. Cooper, 41 Ala. 187; Stringfellow v. Ivie, 73 Ala. 209; Huckabee v. Shepherd, 75 Ala. 342; Manning v. Pippen, 86 Ala. 357, 363, 5 So. 572, 11 Am. St. Rep. 46; Hamaker v. Coons, 117 Ala. 603, 610, 23 So. 655; and many other cases.

Time and space do not suffice for a review of the authorities on this subject. We refer, however, to the cases of Thomas v. Barker, 37 Ala. 292, and M. & M. Ry. Co. v. Wilkinson, 72 Ala. 286, as illustrative of the propo-

sition here affirmed, viz. that a collateral undertaking by one of the parties to do something of value to the other may be shown to have been a part of the consideration for a conveyance of land or personalty, though it is not mentioned in the written conveyance; provided, a valuable consideration is recited in the writing, so that its nature and effect are not changed by proof of the additional consideration. The two cases referred to cannot be distinguished from the instant case. Closely analogous also are the cases of Cowan v. Cooper, 41 Ala. 187; Huckabee v. Shepherd, 75 Ala. 342; Henry v. Murphy, 54 Ala. 246, and Manning v. Pippen, 86 Ala. 357, 5 So. 572, 11 Am. St. Rep. 46.

The case of Thompson, etc., Co. v. Glass, 136 Ala. 648, 654, 33 So. 811, citing and approving the case of Naumberg v. Young, 44 N. J. Law, 331, 43 Am. Rep. 380, relied on by appellant, dealt with a written contract of leasing, and very properly held that covenants to repair on the part of the lessor could not be shown by parol evidence of an agreement between the parties made before or at the time of the execution of the lease. This is in accordance with the principle of the rule, that the legal effect of the contract cannot be varied by any parol agreement thus made. In the instant case, the parol agreement by the grantor to dress the timber in no wise altered or varied the legal effect of the grant, or the relations of the parties as grantor and grantee. It was strictly collateral and incidental to the purpose of the deed. The subject of the deed was the transfer of title to the timber; the subject of the parol agreement was the dressing of the timber after the title had passed and the timber had been cut and removed by the purchaser.

Under the authorities noted above, it is manifest that the pleas setting up the fact that the timber purchase had been executed by a written deed which did not include the alleged agreement to dress the timber conveyed, present no defense to the action.

[12] Our attention is called to a ruling on the evidence, which was not noticed in the opinion above, though it was in fact duly considered. Plaintiff was asked by his counsel if he "had been through that timber, around that road, with a view to seeing how far it was to this planing mill of the defendant." Over defendants' objection that it called for "incompetent, irrelevant, and immaterial testimony," plaintiff was allowed to answer "Yes." It is urged that the question was bad because it called for the motive of the witness. That, however, is a special ground of objection, not comprehended in the objections actually made, and of course not available now; but, as already declared, the matter was too trifling to have affected the result.

We find no ground for revising our original conclusions, and the application for rehearing will be overruled.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.